547 A.2d 766

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward BEVERLY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 31, 1988.

Filed Sept. 9, 1988.

Larry D. Feldman, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, WATKINS and CERCONE, JJ.

CERCONE, Judge:

This appeal is from a judgment of sentence for robbery, simple assault, theft and possession of an instrument of crime. Appellant, Edward Beverly, now raises a variety of allegations of trial court error and prosecutorial misconduct on appeal. After careful review, we reject these claims and affirm the judgment of the lower court.

The following is a brief summation of the lower court's findings of fact. On June 10, 1984, appellant entered the Foxy Lounge (hereinafter the lounge) and asked Deborah Garrett, an employee of the lounge, for a quart of beer. Appellant refused to pay for the beverage and left the premises. Later, when Ms. Garrett was temporarily away from the bar area, appellant returned, removed a quart of beer from the refrigerator and proceeded to leave the lounge.

Approximately ten minutes later, appellant returned wearing a stocking mask and carrying a gun. He approached Ms. Garrett, now tending bar, held the gun within one foot of her head and demanded money. Despite the stocking mask, Ms. Garrett recognized appellant as the individual who previously had asked for the quart of beer. With the money from the cash register in hand, appellant left the lounge.

Another eyewitness, Michael Alexander, identified appellant. Alexander, a former employee of the lounge, had seen appellant in the bar and in the surrounding community on numerous occasions prior to the robbery. Appellant was also recognized by Theresa Baldwin. Ms. Baldwin saw appellant running toward her without the stocking mask after he had left the bar.

Appellant first contends that the lower court erred regarding Michael Alexander's view of a lineup held prior to the preliminary hearing. While the lower court correctly granted his request for a lineup, appellant contends, the judge erred in refusing his request that the lineup participants don stocking masks. We disagree. Like the court below, we are not aware of any case that requires such a

lineup. In fact, as we declared in *Commonwealth v. Lark,* 316 Pa.Super. 240, 462 A.2d 1329 (1983), *aff'd,* 505 Pa. 126, 477 A.2d 857 (1984), a criminal defendant does not have a constitutional right to a lineup at all. Our Supreme Court has decreed that only in those cases where an identification lacking a strong indicia of reliability is the sole evidence against the defendant should a defendant's timely request for a lineup be granted. *Commonwealth v. Sexton,* 485 Pa. 17, 400 A.2d 1289 (1979).

In the case at hand, the pertinent witness (Alexander) was familiar with appellant. Additionally, the lower court record reveals that Alexander had ample opportunity to observe and recognize appellant during his first visit to the lounge as well as during the robbery. Thus, even if appellant was denied a lineup, this would not have been reversible error because the witness' in court identification was based on independent evidence. *See Commonwealth v. Butler,* 354 Pa.Super. 533, 512 A.2d 667 (1986). We cannot, therefore, find that appellant's denied request justifies the grant of a new trial.

■ Second, appellant argues that the court erred in denying his motion to suppress a photographic identification by Ms. Garrett. On the night of the crime, Ms. Garrett viewed a set of photographs provided by police. Ms. Garrett was unable to identify appellant among the pictures provided. Additionally, the relevant police detective was unable to ascertain whether or not appellant's photo had been among those shown to Ms. Garrett because the collection had not been maintained. At a later date, however, Ms. Garrett identified appellant from a different book of photographs. Appellant, without providing a legal justification, argues that because the Commonwealth did not maintain a record of the first photographs shown to Ms. Garrett, a new trial should be granted. We cannot agree.

■ Prior failures to identify, and even misidentifications, do not affect the admissibility of later, independently based identifications. *See Commonwealth v. Silver,* 499 Pa. 228, 452 A.2d 1328 (1982); *Commonwealth v. Davis,* 313 Pa.Super. 355, 459 A.2d 1267 (1983). Ms. Garrett's identification

of appellant was independently based on her observation of him during the robbery and as a person she knew from the vicinity.

▮ Lastly, appellant posits that the lower court erred in its instruction to the jury, suggesting that the court somehow lent its opinion regarding the credibility of appellant. Reviewing the lower court record, this argument also fails. While the court did make supported references to evidence, it correctly gave no indication of its opinion of appellant's guilt or innocence, and clearly noted that the jury was to determine the effect of this evidence. *See Commonwealth v. Leonhard,* 336 Pa.Super. 90, 485 A.2d 444 (1984) (even "harsh" comments of the trial court, referring to defendant's evidence as "conjecture", did not require a new trial).

We find, after reviewing the party's briefs and the record on appeal, that the lower court's discussion and resolution of appellant's arguments regarding prosecutorial misconduct, identification testimony, collateral testimony, police testimony regarding a hold-up memorandum and ineffective assistance of counsel is adequate. Thus, we affirm on the basis of the lower court's opinion with regard to these issues.

Accordingly, appellant's judgment of sentence is affirmed.