581 A.2d 183

**COMMONWEALTH of Pennsylvania**

v.

**Reginald BLASSINGALE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 1990.

Filed Oct. 2, 1990.

386

Joan D. Brown, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

In this case, appellant appeals the judgment of sentence rendered by the Court of Common Pleas of Philadelphia following his convictions of robbery and violation of the Uniform Firearms Act. We affirm.

The charges against appellant arose out of an incident which occurred on March 20, 1988 at approximately 6:15 a.m. On that date, the victim was standing on a street corner waiting to catch a bus when a man later identified as appellant approached, asked the victim how long he had been waiting for the bus, and then stood on the corner with the victim for ten to fifteen minutes. The man then came close to the victim, asked him where his money was, reached for his pocket and took the victim's money, and a struggle ensued. During the struggle, the man identified

as appellant hit the victim on the side of a head with a pistol. After that, the assailant ran from the scene of the crime. Appellant was charged with two counts of robbery. On the first count, appellant was charged with feloniously threatening another with, or intentionally putting him in fear of immediate serious bodily injury in the course of committing a theft. Under the second robbery charge, appellant was charged with feloniously threatening or intentionally putting the victim in fear of immediate bodily injury. Under a separate information, appellant was charged with unlawfully carrying a firearm on a public street or on public property.

After a jury trial, the jury returned verdicts of guilty on the firearms charge and on the robbery, serious bodily injury charge. On the charge of robbery, bodily injury, the jury returned a verdict of not guilty. Appellant filed post-verdict motions which were denied. He was sentenced to a term of imprisonment of not less than one (1) nor more than two (2) years on the firearms conviction and a consecutive term of five (5) to eighteen (18) years on the robbery conviction. Following the judgment of sentence, appellant filed a motion for reconsideration of sentence and the instant timely appeal. The lower court denied appellant's motion for reconsideration of sentence.

On appeal, appellant generally argues that the evidence was insufficient to sustain the verdict(s) and that the verdict(s) were against the weight of the evidence. He then proffers the following more specific arguments: (1) that there was sufficient evidence that he was not at the scene of the crime at the time it was committed, causing a reasonable doubt as to his guilt; (2) that there was no direct evidence linking the firearm found on the date of appellant's arrest with the firearm used on the date of the robbery; and (3) that the testimony of the victim who identified appellant as the perpetrator of the crime was confused, contradictory, and inconsistent and insufficient to sustain a finding of guilt.

■■■■■■

■■■■ We must review a claim of insufficient evidence to sustain the verdict in the light most favorable to the Commonwealth, and drawing all proper inferences from the evidence in such light, determine whether the jury could reasonably have found that all the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818 (1989). It is the prerogative of the fact-finder to believe all, part, or none of the evidence presented. *Commonwealth v. Lyons*, 382 Pa.Super. 438, 555 A.2d 920 (1989). A determination as to the credibility of witnesses is within the sole province of the trier of fact. *Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102 (1984).

■■■■ Appellant cites the testimony of his mother to support his argument that there was sufficient evidence presented to establish that he was not present at the scene of the crime at the time it was committed. Appellant's mother testified that she saw appellant at approximately 11:00 p.m. the night before the robbery when he returned home to her house and proceeded to his upstairs bedroom. The mother further testified that she locked the door to the outside on her way to bed for the night, and that this lock required a key to open it even from the inside. The mother indicated that appellant did not have a key to this lock, having lost his approximately a month before the robbery. She next saw appellant at about 2:00 p.m. the following day when he came into the kitchen of their home. Appellant's mother testified that she would have heard appellant if he had left the home during the night because she is a light sleeper.

The other testimony offered at trial consisted of that of the victim, the police officer who arrested appellant, and the detective who took the police report from the victim. The victim testified as to the circumstances of the robbery, and to the fact that he had a lengthy period of time in which to observe appellant as well as a good frontal unobstructed view of him from fairly close range. The detective gave testimony concerning the description of the perpetrator

given him by the victim, the posting of that description with the police units, the apprehension of appellant, the recovery of a weapon matching the description of the weapon given by the victim, and the identification of appellant by the victim upon examination of a photo array. The police officer testified as to the arrest of appellant.

We have reviewed all of this testimony and find, under our standards of review previously stated, that the evidence was more than sufficient to support the verdict. The fact that the mother gave testimony in the nature of an alibi simply went to the credibility of witnesses and the jury's prerogative to accept certain testimony and reject other testimony because the evidence presented by the Commonwealth witnesses was more than adequate to establish appellant's identity as the perpetrator of the crime.

Appellant's next contention is that there was no direct evidence at trial which established that the firearm recovered from appellant at his arrest on March 23, 1988 was the firearm used in the robbery. Appellant cites no authority to support his argument, and we can discern no merit to it. The victim testified at trial that the weapon admitted into evidence, which was also identified at trial as the weapon recovered from appellant on the date of his arrest, looked like the gun that was used in the robbery perpetrated on March 20, 1988. Also offered at trial was the description of the weapon given by the victim to the police after the robbery. That description was consistent with the appearance of the weapon recovered from appellant and offered at trial. The fact that the evidence connecting the weapon at trial with the weapon used at the robbery was not more "direct" is irrelevant since it is firmly established that a conviction may be based on circumstantial evidence alone. *Commonwealth v. Joyner*, 489 Pa. 502, 414 A.2d 1003 (1980).[1]

---

1. We are not able to address appellant's contention concerning a pre-trial exhibition of the weapon to the complainant because there are no record citations and we are thus unable to review the handling of this issue at trial. *See Commonwealth v. Rozanski*, 289 Pa.Super.

▉▉▉

▉▉▉ Appellant's next argument on appeal is that the evidence of the crime was based solely on the uncorroborated testimony of the victim which was "inconsistent, confused, and contradictory." Appellant cites several instances of alleged inconsistency in the victim's testimony. We have reviewed appellant's brief and the testimony of the victim and do not agree with his assessment. Many of the inconsistencies alleged by appellant consist of differences in testimony at the suppression hearing and at trial. Appellant was free at trial to set forth these alleged inconsistencies during cross-examination of the victim and appellant did so to an extent. The fact that the jury found the victim believable despite appellant's cross-examination of him is within the province and duty of the fact-finder and will not support an allegation of insufficiency of evidence on appeal. *Commonwealth v. Jackson, supra.* Furthermore, our reading of the victim's testimony at trial leads us to conclude that appellant's characterization of his testimony is exaggerated and inaccurate. Additionally, the lower court explicitly stated that its credibility determination was that the victim's testimony was not confused, contradictory, or inconsistent. The credibility of a witness is an issue for the finder of fact and will not be disturbed on appeal. *Commonwealth v. Preston,* 488 Pa. 311, 412 A.2d 524 (1980). Accordingly, we find no merit to this allegation of error.

Appellant's next group of arguments on appeal relates to the lower court's denial of his motion to suppress. In relation to this issue, appellant makes the following specific contentions: (1) the stop and search of appellant by police on March 23, 1988 was without probable cause; (2) the photo array presented to the victim was unduly suggestive and it was error to refuse appellant's request for a lineup; and (3) the lower court erred in denying suppression of the

531, 433 A.2d 1382 (1981) (waiver of issue where appellant fails to provide reviewing court with record citations in length record). Appellant's contention that the evidence was insufficient to sustain his firearms conviction because it was error to deny his motion to suppress will be discussed *infra* in connection with his contentions of suppression court error.

firearm in the appellant's possession at the time of his arrest.

 Our role when considering the lower court's denial of a motion to suppress is to determine whether the record supports the lower court's factual findings and the legitimacy of the inferences and legal conclusions drawn from them. *Commonwealth v. Reddix*, 355 Pa.Super. 514, 513 A.2d 1041 (1986). We may reverse the denial of the motion to suppress only if the lower court erred in the legal conclusions drawn from its factual findings. *Commonwealth v. Cortez*, 507 Pa. 529, 491 A.2d 111, *cert. den.* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). Appellant contends that the lower court erred in its determination that there was probable cause for the stop and search which led to his arrest. He asserts that because the informant who told the police that "a man with a gun" had been seen around the corner from where the police were located was an anonymous, unknown informant, there was insufficient reliability for the informant's tip and therefore the police had no basis for acting on that tip.

 It is permissible for the police to make an investigatory stop if they have reasonable suspicion that criminal activity is afoot, even though they lack probable cause to make an arrest. *Commonwealth v. Capers*, 340 Pa.Super. 136, 489 A.2d 879 (1985), *appeal denied* (Sept. 6, 1985); *Commonwealth v. O'Neal*, 321 Pa.Super. 323, 468 A.2d 500 (1983).

> A policeman who lacks the precise level of information necessary for probable cause is not required to simply shrug his shoulders and allow a crime to occur or a criminal to escape ... Even in the absence of probable cause, an individual may be stopped and briefly detained, providing the investigating officer can point to specific and articulable facts which, in conjunction with the natural inferences deriving therefrom, reasonably warrant the intrusion.

*Commonwealth v. White,* 358 Pa.Super. 120, 127–28, 516 A.2d 1211, 1215 (1986). "If incriminating evidence establishing probable cause for arrest is discovered after the temporary stop, a lawful arrest may then be made." *Commonwealth v. Capers, supra, citing Commonwealth v. Webster,* 291 Pa.Super. 271, 276–77, 435 A.2d 1217, 1219–20 (1981).

In the instant case, testimony at the suppression hearing demonstrated that the police officers who eventually arrested appellant were engaged in questioning another individual on a street in Philadelphia on the date of appellant's arrest when they were approached by a person unknown to them. This unknown person told one of the officers that there was a man with a gun on a nearby street. The officer walked around the corner and saw two males, one of them the appellant, standing on the corner, approximately thirty yards from the officer. The area was well lighted and the officer observed appellant holding a gun in his right hand. After seeing the officer, appellant and the other man got into a car and the police followed in their van. The van forced the car to stop and one of the officers ordered the individuals in the car (there were four) to place both of their hands on the ceiling of the car. The officer, observing that appellant had placed only one of his hands on the ceiling, opened the door of the car and saw that appellant had his right hand on his lap with a gun. The officer pulled appellant from the car, and tossed the gun aside. Another of the passengers possessed a gun in his belt which held a fully loaded and cocked automatic weapon.

Following this stop, appellant was arrested and transported to the police station, along with the gun which was seized from him. At the police station, one of the detectives noticed a similarity in appearance of appellant and the gun to the description which had been given him by the victim of the instant robbery. Subsequently, a photo array was compiled and shown to the victim, leading to appellant's arraignment on the robbery charges.

 Appellant's contention that the police stop leading to his arrest was illegal is totally devoid of merit. The fact that the tipster was anonymous does not concern us because the police authority to make a stop does not require compliance with the standards of probable cause. The fact that the police observed the appellant with a gun was sufficient to justify the police stop of the vehicle. The subsequent actions of appellant and his cohort were more than sufficient probable cause for a legal arrest. *See Commonwealth v. Bartlett*, 486 Pa. 396, 406 A.2d 340 (1979) (crucial test in determining the presence of probable cause is whether the facts and circumstances known to the police would warrant a person of reasonable caution in believing the suspect has committed or is committing a crime).

 Appellant argues that the photo array presented to the victim from which an identification was made was unduly suggestive because appellant was the only person in the array possessing a glass eye. He also contends that he was denied due process because his counsel was not present at the array. With regard to the suggestiveness of an identification procedure, we have consistently held that only if the totality of circumstances shows that the identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" will the evidence be suppressed. *Commonwealth v. Monroe*, 373 Pa.Super. 618, 622–23, 542 A.2d 113, 114–15 (1988), *appeal denied*, 522 Pa. 574, 559 A.2d 36 (1989), *quoting Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

Testimony from the suppression hearing reveals that the photo array in the instant case was comprised of eight black males (appellant is black) in the age range of nineteen to thirty, at least two others of which had unusual eye characteristics. The detective in charge of the investigation of this case had told the detective who assembled the array to find males with glass eyes or eye abnormalities. Neither of the police detectives told the victim that there was a picture

of his assailant in the array; neither did they suggest to him which photo was to be chosen.

We are satisfied from our review of the record that the lower court did not err in finding that the photographic array was not unduly suggestive. Although none of the other individuals in the array possessed a glass eye, there were others with unusual eye characteristics. This was sufficient to eliminate any suggestiveness in the array.

■■■■■ Appellant asserts that he was improperly denied the right to have counsel present when the photographic array was viewed by the victim. He contends that the Pennsylvania Constitution guarantees this right. We note initially that no such right is provided under the Sixth Amendment to the United States Constitution. *See United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). In addition, the question of the right to counsel at a photographic array as provided by the Constitution of Pennsylvania was addressed in *Commonwealth v. McKnight,* 311 Pa.Super. 370, 457 A.2d 931 (1983). In that case, a panel of this court held that in Pennsylvania, the right to counsel at a photographic array does not attach when the suspect is in custody for a different offense than that for which the array has been compiled. *Id.,* 311 Pa.Superior Ct. at 375, 457 A.2d at 934.

In this case, it is apparent from the record that at the time the photo array was displayed to the victim of the robbery in the instant case, appellant was in custody on separate charges, *i.e.,* those related to appellant's conduct on the date of his arrest, March 24, 1988. Appellant was not charged with the robbery in the instant case until April 6, 1988. The photo array was displayed to the victim of the instant crimes on March 25, 1988. Thus, there was no right to counsel at the time of the photo array.

■■■ Appellant contends that the lower court erred in denying his request for a lineup. Appellant has not provided this court with record citations which would allow us to review the alleged denial of his request. In addition, the

lower court indicated that no motion for a lineup was ever made by appellant. Under these circumstances, we may find the issue waived. *Commonwealth v. Rozanski, supra;* Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A.; *Commonwealth v. Monarch,* 510 Pa. 138, 507 A.2d 74 (1986) (issue not raised in trial court cannot be raised for first time on appeal).

 Even if the issue were not waived, we would find it without merit. The grant or denial of a request for a lineup is within the sound discretion of the trial court, and such a decision will not be disturbed on appeal absent an abuse of discretion. *Commonwealth v. Rush,* 522 Pa. 379, 562 A.2d 285 (1989). A criminal defendant has no constitutional right to a lineup. *Commonwealth v. Lark,* 316 Pa.Super. 240, 462 A.2d 1329 (1983), *aff'd,* 505 Pa. 126, 477 A.2d 857 (1984). "[O]nly in those cases where an identification lacking a strong indicia of reliability is the sole evidence against the defendant should a defendant's timely request for a lineup be granted." *Commonwealth v. Beverly,* 377 Pa.Super. 438, 441, 547 A.2d 766, 767 (1988), *appeal denied,* 523 Pa. 630, 564 A.2d 1259 (1989) *citing Commonwealth v. Sexton,* 485 Pa. 17, 400 A.2d 1289 (1979).

 The evidence in this case shows that the identification of appellant by the victim, both in the photo array and at trial, was reliable because of the ample period of time in which to observe, favorable lighting conditions, and close proximity of the perpetrator at the time of the robbery. All of these conditions combined to make the victim's subsequent identification of the victim reliable; therefore, the lower court did not or would not have erred in denying appellant's request for a lineup.

 Appellant asserts that the lower court erred in denying suppression of evidence of the firearm found at the time of appellant's arrest. He contends that the evidence was insufficient to establish that the gun was his or to demonstrate that the gun found on March 24, 1988 was the same gun used in the robbery on March 20, 1988. We have

previously discussed this contention and found it without merit. Additionally, appellant argues that since appellant's arrest was unlawful, seizure of the gun was also unlawful and subject to the exclusionary rule. Since we have found that appellant's arrest was not unlawful, the claim that the seizure of the gun was the fruit of an illegal arrest is of no validity. Appellant also contends that it was error for the lower court to have admitted the gun into evidence. However, since appellant did not object to the admission of the gun at trial, his claim in this regard is waived. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (failure to object at trial renders claim waived for appellate review).[2]

Appellant next contends that the lower court erred in permitting the prosecution to impeach his credibility on the basis of his prior record if he testified. Appellant has provided this court with no record citations relative to this occurrence at trial. Therefore, we are unable to review this allegation of error. *See Commonwealth v. Rozanski, supra* (failure to advise appellate court specifically where alleged error occurred in lengthy record results in waiver). In addition, appellant's argument overlooks two crucial facts which effectively defeat his argument: (1) appellant did not testify at trial, and (2) his credibility was not impeached by evidence of prior crimes. His argument therefore is so abstract in both its logical components and the lack of record citations that it renders our review of it impossible.

The next argument which appellant presents is that the lower court erred in refusing to permit the jury to see the photographic array and initial police report of the robbery during their deliberations. We must again rely upon *Commonwealth v. Rozanski, supra,* because appellant has failed to provide record citations for this allegation of trial

**2.** On pages 21–26 of his appellate brief, appellant lists numerous other "[c]itations in support of error in denying Motion to Suppress." Since these "citations of error" are listed in only cursory fashion and without argument, we will not address them further.

court error, and we note, appellee has alleged that no request was made by appellant at trial for these items to go out with the jury, nor did the jury ask the court to view them. As appellant has provided no record citations which would allow us to conclude otherwise, the claim is totally frivolous.

■■■■■■■ Appellant next alleges that the lower court erred in permitting inconsistent verdicts to stand. The "inconsistency" to which appellant points is that the jury found appellant guilty of robbery, serious bodily injury and not guilty of robbery, bodily injury. Appellant asserts that these verdicts were inconsistent and that "[i]t was error for the court to deny j.n.o.v. and new trial should be granted." The fact that the jury found the appellant guilty of one of the robbery counts and not guilty of the other does not make the verdicts inconsistent; it simply indicates that the jury predicated their finding of guilt on the fact gleaned from the evidence that appellant put the victim in fear of serious bodily injury and not mere bodily injury at the time of the robbery. Even if the verdicts were inconsistent, we would not grant appellant relief because the inconsistency of verdicts in a criminal case does not provide a basis for relief. *Commonwealth v. Trill,* 374 Pa.Super. 549, 543 A.2d 1106 (1988) *appeal denied,* 522 Pa. 603, 562 A.2d 826 (1989). In addition, the court procedure of entering a judgment *non obstante veredicto* does not extend to criminal prosecutions. *Commonwealth v. Wright,* 383 Pa. 532, 119 A.2d 492 (1956). Thus, on this latter point, appellant's claim is also devoid of merit.

Finally, appellant alleges several claims of ineffectiveness of trial counsel. Such claims must be evaluated under the following standard.

The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim ... If this threshold is met, it must next be established that the

particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests ... Finally, we require that the defendant establish how counsel's commission or omission prejudiced him....

*Commonwealth v. Durst*, 522 Pa. 2, 4, 559 A.2d 504, 505 (1989) (citations omitted).

Appellant's first allegation of ineffectiveness is that trial counsel was ineffective for failing to produce certain witnesses, including two witnesses who knew the victim for the purpose of impeaching his credibility, the police officer who found the gun on the date of appellant's arrest, and appellant's co-defendant to testify that he (co-defendant) owned the gun found at the time of appellant's arrest and that appellant at no time had possession or use of the gun.

In order to prove that trial counsel was ineffective for failing to investigate or call witnesses, the appellant must set forth the names and whereabouts of the witnesses, the substance of their testimony and how they would have "appreciably strengthened the defense." *Commonwealth v. Clemmons*, 505 Pa. 356, 365, 479 A.2d 955, 959 (1984). In addition, appellant must show that trial counsel knew of the existence of the witnesses who allegedly should have been called. *Id.* However, trial counsel's decisions as to matters of trial strategy cannot be the subject of a finding of ineffectiveness. *Commonwealth v. Collins*, 519 Pa. 58, 545 A.2d 882 (1988); *Commonwealth v. Blair*, 491 Pa. 499, 421 A.2d 656 (1980).

In regard to the calling of the police officer, appellant's allegation of ineffectiveness is totally unfounded because this officer was called as a witness by the Commonwealth and cross-examined by appellant's trial counsel. As to his decision not to produce the other witnesses identified by appellant, trial counsel testified at the post-trial hearing that in both instances, his decision was a matter of trial strategy. Trial counsel's decision not to call the two witnesses identified by appellant as having been acquainted with the victim was related to counsel's strategy of present-

ing an alibi defense to the effect that appellant could not have been present at the scene of the crime because he was at home at the time of the robbery. The testimony of the two witnesses who knew the victim was not relevant to this strategy of defense. As to trial counsel's decision not to call appellant's co-defendant, trial counsel testified that the decision was made based upon the fact that charges had been brought against this individual relative to the carrying of firearms in public. Therefore, the witness would be able to assert his right against self-incrimination on the witness stand with regard to questioning about that incident, which is appellant's asserted purpose for having the testimony of this witness. Since trial counsel's decisions as to trial strategy cannot be the subject of a finding of ineffectiveness, and we find the strategy of counsel herein reasonable, we must reject appellant's claim of ineffectiveness for failure to call witnesses.

The next contention of ineffectiveness which appellant asserts is that trial counsel "failed to show that the same officers who arrested Appellant were the ones who told Porter what to say at trial." Appellant argues that the detective who arrested appellant for robbery told the victim at the photo array that appellant's photo was "the one." Appellant also contends that the same detective showed the victim the gun one week before the trial so that the victim would testify that the gun was the one used in the robbery. The lower court found no merit to these arguments and our review of the record reveals that there was no evidence of either of these occurrences. Since the underlying claim is wholly without merit, trial counsel cannot be deemed to have been ineffective in this regard.

Appellant claims that prior counsel was ineffective for failing to move to compel the name of the informant who told the police on the date of appellant's arrest that there was "a man with a gun" around the corner. Appellant also asserts that prior counsel was ineffective in failing to request a lineup. We have previously found the underlying claims in these two alleged instances of ineffectiveness to

be without merit. Accordingly, prior counsel will not be deemed ineffective for failing to assert them.

The next claim of ineffectiveness which appellant advances is that trial counsel failed to advise him of the advantages of a plea bargain offered by the Commonwealth. This claim is belied by the record of the post-verdict hearing in which prior counsel testified that appellant would not accept a plea bargain which would include the mandatory minimum sentence of five years as was required by the facts of this case. Therefore, this claim of ineffectiveness is without merit.

Finally, appellant claims that prior counsel was ineffective for failing to object to the verdict as inconsistent and to the sufficiency of the evidence to support the verdict of guilty on the robbery charge. We have previously found both of these underlying claims to be without merit. Accordingly, we will not find trial counsel ineffective for failing to assert them.

Judgment of sentence affirmed.