627 A.2d 759

COMMONWEALTH of Pennsylvania, Appellant,

v.

Scott Charles DEWALD, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 11, 1993.

Filed June 28, 1993.

446

Emily Smarto, Asst. Dist. Atty., Greensburg, for Com., appellant.

Timothy P. Dawson, N. Huntingdon, for appellee.

Before WIEAND, CIRILLO and MONTGOMERY, JJ.

OPINION PER CURIAM:

This is a Commonwealth appeal from an order of court which served as an acquittal. For the reasons below, we quash the appeal.

Appellee, Scott Charles Dewald, was charged with possession with the intent to deliver a controlled substance, possession of a controlled substance, possession of a small amount of marijuana and criminal conspiracy. The trial court granted a demurrer to the criminal conspiracy charge. The jury returned not guilty verdicts on the charges of possession with the intent to deliver a controlled substance and possession of a controlled substance. The jury returned a guilty verdict on the charge of possession of a small amount of marijuana. The trial court then ordered a judgment notwithstanding the verdict on the possession of a small amount of marijuana charge. The present appeal followed.

The sole issue raised on appeal is whether the trial court erred by reversing a verdict of guilty because his authority is limited to the consideration of posttrial motions. The Commonwealth is correct in that the granting of a judgment notwithstanding the verdict does not extend to criminal prosecutions. *Commonwealth v. Blassingale,* 398 Pa.Super. 379, 581 A.2d 183 (1990). The trial court concedes that the entering of a judgment notwithstanding the verdict was not the proper procedure. The order states that the court found appellee not guilty and the opinion states that the court reversed the jury's decision and acquitted appellee. It is apparent that the trial court's action was the equivalent to the granting of a motion for acquittal.

The trial court may grant a motion for a judgment of acquittal at the close of the evidence or reserve its decision until the jury returns a verdict. The Pennsylvania Rules of Criminal Procedure provide as follows:

"(c) If a defendant moves for a judgment of acquittal at the close of the evidence, the court may reserve decision until

after the jury returns a guilty verdict or after the jury is discharged without agreeing upon a verdict."
Pa.R.Crim.P. 1124(c).

■ Presently, appellee did move for an acquittal at the close of the evidence. This motion was denied. After the jury was discharged the trial court acquitted appellee. The previous denial does not preclude the trial court's ability to reconsider the motion because:

"... The denial of a motion for judgment of acquittal at the close of all the evidence does not preclude later consideration of a motion for judgment of acquittal after discharge of the jury or a motion in arrest of judgment."
Pa.R.Crim.P. 1124(d).

■ Because the trial court granted an acquittal, the present action is not reviewable. A judgment of acquittal based upon a ruling by the court that the evidence is insufficient to convict, even if mistaken, is not reviewable. *Commonwealth v. Finley*, 477 Pa. 382, 383 A.2d 1259 (1978); *Commonwealth v. Adams*, 349 Pa.Super. 200, 502 A.2d 1345 (1986). Therefore, the instant appeal is barred and must be quashed. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986); *Commonwealth v. Trader*, 354 Pa.Super. 583, 512 A.2d 693 (1986).

Appeal quashed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. Where, as here, a trial court sua sponte has reversed a verdict of guilty duly returned by a jury, I would not, as does the majority, equate such action with an acquittal for double jeopardy purposes. Rather, I would view the trial court's action as a post-verdict determination that the evidence was insufficient to support the verdict. That such a ruling is subject to appellate review is clear.

[W]here a trial court has found post-verdict that the evidence was insufficient as a matter of law to support the verdict, that determination is subject to appellate review, for an order by an appellate court reversing such a conclu-

sion and reinstating the verdict does not require a second trial. Therefore, there is no violation of principles of double jeopardy. *Commonwealth v. Rawles,* 501 Pa. 514, 519–520, 462 A.2d 619, 621 (1983). See also: *United States v. Singleton,* 702 F.2d 1159 (D.C.Cir.1983) (collecting cases at 1161–1162 n. 8); *Commonwealth v. Macolini,* 503 Pa. 201, 469 A.2d 132 (1983) (Superior Court's reversal of judgment of sentence on grounds of insufficiency of evidence reversed by Supreme Court).

*Commonwealth v. Smalis,* 331 Pa.Super. 307, 314, 480 A.2d 1046, 1050 (1984) (en banc), *rev'd, Commonwealth v. Zoller,* 507 Pa. 344, 490 A.2d 394 (1985), *rev'd, Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986).[1] See also: *Commonwealth v. Parker,* 305 Pa.Super. 516, 520–521, 451 A.2d 767, 769 (1982). Consequently, I am unable to join the majority's decision to quash this appeal.

At the close of the evidence in this case, the defendant moved for a judgment of acquittal. This motion was denied by the trial court. When the jury thereafter found the defendant guilty of possessing a small amount of marijuana, the trial court sua sponte entered a judgment n.o.v. It did so before any post-trial motions had been filed by the defendant. The order, as the trial court now concedes, was inappropriate. It can only be construed as an attempt by the trial court to arrest judgment on the jury's verdict. However, such an attempt was also improper. The trial court, except for limited reasons, could not sua sponte set aside the jury's verdict and substitute therefor its own judgment.

A similar situation was before the Superior Court in *Commonwealth v. Parker, supra.* There, after returning verdicts of guilty in a non-jury trial, the trial court sua sponte entered an order by which it purported to change the verdicts to not guilty. On appeal, the Superior Court reversed the trial court's order, reinstated the original verdicts of guilty and remanded so that the defendant would have the opportunity to file post-trial motions. The Court reasoned as follows:

1. Following the decision of the United States Supreme Court, the original order of the Superior Court was reinstated. See: *Commonwealth v. Smalis,* 511 Pa. 229, 512 A.2d 634 (1986).

A trial judge has no more authority over a verdict in a non-jury trial than he does over a jury verdict. *Commonwealth v. Meadows,* 471 Pa. 201, 205, 369 A.2d 1266, 1268 n. 5 (1977); *Commonwealth v. Brown, supra* [192 Pa.Super. 498, 162 A.2d 13 (1960) ]; *See Commonwealth v. Johnson,* 359 Pa. 287, 59 A.2d 128 (1948); Pa.R.Crim.P. 1102(a). As we have stated, the authority of a trial judge following the recording of a verdict in a non-jury trial is limited to consideration of post-verdict motions in arrest of judgment or the granting of a new trial. *Commonwealth v. Meadows, supra; Commonwealth v. Brown, supra.* The standard of review for the trial court as it passes upon a motion in arrest of judgment, is limited to a determination of the absence or presence of that quantum of evidence necessary to establish the elements of the crime. *Commonwealth v. Meadows, supra* 471 Pa. at 208, 369 A.2d at 1269; *Commonwealth v. Slout,* 288 Pa.Super. 471, 432 A.2d 609 (1981); *Commonwealth v. Ponder,* 260 Pa.Super. 225, 393 A.2d 1235 (1978). Had defendant moved for an arrest of judgment, the trial court would have been required to view the evidence in the light most favorable to the Commonwealth as verdict winner and could not have altered the verdicts based upon a redetermination of credibility or a re-evaluation of the evidence. *See Commonwealth v. Meadows, supra; Commonwealth v. Slout,* 288 Pa.Super. 471, 432 A.2d 609 (1981); *Commonwealth v. D'Angelo,* 282 Pa.Super. 1, 422 A.2d 645 (1980); *Commonwealth v. Kirkman,* 264 Pa.Super. 170, 399 A.2d 720 (1979); *Commonwealth v. Ponder, supra.*

*Commonwealth v. Parker, supra* at 523–524, 451 A.2d at 770–771 (footnote omitted).

For the same reasons, the trial court in this case was without authority to reverse sua sponte the verdict of the jury after it had been recorded. The court could only arrest judgment or grant a new trial for reasons raised in post-trial motions filed by the defendant.

This has not been altered by Pa.R.Crim.P. 1124. Rule 1124(a) recognizes and adopts that which has always been the

practice in Pennsylvania. Rule 1124(a)(4) permits a motion in arrest of judgment within ten (10) days after a finding of guilt; and Rule 1124(a)(3) permits a motion for judgment of acquittal where the jury has been unable to agree upon a verdict. Rule 1124(d) changes the prior practice which required a written motion for a directed verdict as a condition precedent to a post-verdict motion in arrest of judgment. The rule now permits a post-verdict motion in arrest of judgment or for a judgment of acquittal even where the defendant failed to move for a judgment of acquittal at the close of the evidence. This subsection also provides that the denial of a motion for judgment of acquittal during trial does not bar a post-verdict motion in arrest of judgment or for a judgment of acquittal.

Rule 1124(c), it must be conceded, permits a trial court to defer action on a motion for judgment of acquittal while it submits the case to the jury for verdict. If the jury thereafter finds the defendant guilty or is unable to agree upon a verdict, the court may thereafter act to grant the motion for judgment of acquittal. If the court does thereafter grant a motion for judgment of acquittal, however, it can do so only on the basis that the evidence was insufficient to support a finding of guilt. See: Pa.R.Crim.P. 1124(a). It follows that a trial court cannot merely substitute its judgment for that of the jury. Moreover, when the trial court finds the evidence insufficient and enters a judgment of acquittal, its action in doing so is subject to review. Appellate review is not precluded by principles of double jeopardy, for a reversal will result in a reinstatement of the jury's verdict and will not require a second trial. *Commonwealth v. Smalis, supra.*

In this case, the trial court did not defer action on the motion for judgment of acquittal made by defendant during trial. It acted immediately to deny the motion. After the jury had returned a finding of guilt, therefore, there was no viable motion remaining before the court to be decided. Thus, it is clear that the trial court acted sua sponte to enter the judgment of acquittal. This was improper.

The trial court's reason for entering a judgment of acquittal was also inappropriate. The trial court reasoned that because

the jury's verdicts finding appellee not guilty of possessing LSD and possessing LSD with intent to deliver were inconsistent with its verdict finding him guilty of possession of marijuana, it would not be fair to permit a compromise verdict. Contrary to the court's reasoning, however, it is well settled that the inconsistency of verdicts in a criminal case provides no basis for post-trial relief. See: *Commonwealth v. Purcell*, 403 Pa.Super. 342, 349–350, 589 A.2d 217, 221 (1991); *Commonwealth v. Blassingale*, 398 Pa.Super. 379, 397, 581 A.2d 183, 191 (1990).

For all of these reasons, I would reverse the order of the trial court which purported to grant a judgment notwithstanding the verdict and would reinstate the jury's verdict of guilty on the charge of possession of marijuana. On remand, however, I would permit appellee to file a post-trial motion for new trial and/or arrest of judgment within the time allowed therefor. Because the majority has concluded otherwise, I respectfully dissent.