J-S46029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRIX SMITH | |
| Appellant | No. 2143 MDA 2013 |

Appeal from the Judgment of Sentence October 18, 2011
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002713-2010

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 22, 2014**

Derrix Smith appeals from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County, following his conviction by a jury for burglary,[1] criminal conspiracy to commit burglary,[2] criminal trespass,[3] theft by unlawful taking,[4] criminal conspiracy to commit theft by unlawful taking,[5] and criminal conspiracy to commit the offense of receiving stolen property.[6]  After review, we affirm.

_____

[1] 18 Pa.C.S. § 3502(a).

[2] 18 Pa.C.S. § 903(c).

[3] 18 Pa.C.S. § 3503(a)(1)(ii).

[4] 18 Pa.C.S. § 3921(a).

[5] 18 Pa.C.S. § 903(c).
*(Footnote Continued Next Page)*

On June 26, 2010, the victim, Donna Gibbs, was alone in her apartment. Sarah Wiley knocked on Gibbs' door, and asked to see Kimber Doyle, a young lady who Gibbs thought of as a niece, and who stayed with Gibbs regularly. Gibbs told Wiley that Doyle was not there, and Wiley left. Five minutes later, two men burst into the apartment. The shorter of the two men held Gibbs down in the living room while the taller man rummaged through Gibbs' daughter's bedroom. He emerged from the bedroom yelling, "Where's the money? Where's the money?" Gibbs' daughter had been saving money to buy a car, although the taller man was unable to find it. The men took $250 that was on the coffee table, and left the apartment. Although their faces were partially covered, Gibbs could see their eyes and hear their voices.

After the incident, Gibbs was sure she had previously met the taller man, but was initially unable to remember his name. She later recalled that she had met him briefly when he had accompanied Doyle to Gibbs' apartment. When Gibbs asked Doyle who the man she brought to the apartment was, Doyle told her that the man's name was Derrix Smith. After learning his name, Gibbs reported it to the police. The police prepared a

_(Footnote Continued)_ _____

[6] 18 Pa.C.S. § 903(c).

photographic array, which included Smith's photograph. Gibbs identified Smith's photograph on the photographic array as that of the taller intruder.

The trial court denied Smith's omnibus pre-trial motion to suppress the photographic array, and admitted it into evidence at trial. On June 15, 2011, the jury convicted Smith of burglary, criminal trespass, criminal conspiracy to commit burglary, criminal conspiracy to commit theft by unlawful taking, theft by unlawful taking, and criminal conspiracy to commit the offense of receiving stolen property. The trial court sentenced Smith to a minimum of 60 months and a maximum of 120 months' incarceration, followed by ten years of special probation. After the trial court denied Smith's post-sentence motions, Smith filed this appeal.

Smith raises two issues on appeal. First, he argues the photographic array was overly suggestive, and, therefore, the trial court erred when it did not suppress it. Second, he argues that without the photographic array, there was insufficient evidence to sustain his conviction. We reject both of these claims.

We first address Smith's claim that the photographic array was unduly suggestive. When reviewing a denial of a motion to suppress, our inquiry is "whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error." *Commonwealth v. Gray*, 896 A.2d 601, 603 (Pa. Super. 2006). We employ the following standard when determining whether a photo lineup is unduly suggestive:

Whether an out of court identification is to be suppressed as unreliable, and therefore violative of due process, is determined from the totality of the circumstances. Suggestiveness in the identification process is a factor to be considered in determining the admissibility of such evidence, but suggestiveness alone does not warrant exclusion. Identification evidence will not be suppressed unless the facts demonstrate that the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Photographs used in line-ups are not unduly suggestive if the suspect's picture does not stand out more than the others, and the people depicted all exhibit similar facial characteristics.

*Commonwealth v. Fulmore*, 25 A.3d 340, 346 (Pa. Super. 2011) (quotation marks and citations omitted).

In *Commonwealth v. Beverly*, 547 A.2d 766, 767 (Pa. Super. 1988), the appellant first argued that the use of a police lineup to identify him was improper because the participants were not wearing stocking masks, as he requested. In rejecting the appellant's argument, this Court held that because the witness had seen the appellant prior to his commission of the crime, and thus could recognize him independently of the lineup, any problems with the lineup would not have been reversible error. *Id.* This Court then rejected the appellant's second argument that the trial court should have suppressed a photographic array used by a different witness to identify the appellant. *Id.* The claim was essentially that because the witness had failed to identify the appellant from a photographic array she saw shortly after the crime, and which was subsequently lost, her identification from a second photographic array should have been suppressed. *Id.* at 767-68. Again, this Court based its holding on the fact

- 4 -

that the witness' "identification of [the] appellant was independently based on her observation of him during the robbery and as a person she knew from the vicinity." *Id.* at 768.

Here, Gibbs had a basis for identifying Smith independently of the photographic array. She recalled having seen and met Smith prior to June 26, 2010, on one or two other occasions. N.T. Trial, 6/13/11, at 55, 62. Gibbs also recognized Smith's voice from those previous occasions. *Id.* 45-46. Assuming, *arguendo*, the photographic array was unduly suggestive, this would still not amount to reversible error, because Gibbs had an independent basis for identification. *See Beverly*, 547 A.2d at 767. We therefore need not address the issue of whether the photographic array was unduly suggestive.[7]

Next, Smith argues that there was insufficient evidence to support the guilty verdicts without the use of the photographic array. In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crime charged was

_____

[7] Smith argues that because Gibbs recognized the taller intruder and was later able to identify him by name, his appearance in the photographic array was unduly suggestive. We find Smith's logic unpersuasive, and rather come to the opposite conclusion, that this would tend to bolster the reliability of Gibbs' identification.

established beyond a reasonable doubt. ***Commonwealth v. Burno***, __ A.3d __, 2014 WL 2722758, at *10 (Pa. June 16, 2014). The sufficiency of the evidence standard "is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Commonwealth v. Swerdlow***, 636 A.2d 1173, 1176 (Pa. Super. 1994) (citing ***Commonwealth v. Hardcastle***, 546 A.2d 1101, 1105 (Pa. 1986)). ***See also Commonwealth v. Chmiel***, 639 A.2d 9 (Pa. 1994).

Smith's only basis for his sufficiency of the evidence claim is that without the photographic array, there was insufficient evidence for the Commonwealth to have sustained its burden of proof. As we have concluded that the trial court properly denied Smith's motion to suppress the photographic array, Smith's sufficiency argument is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014