J-S71026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MITCHELL LEE ALTMAN, | |
| Appellant | No. 624 WDA 2015 |

Appeal from the Judgment of Sentence April 1, 2015
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000298-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 14, 2016**

Appellant, Mitchell Lee Altman, appeals from the judgment of sentence entered on April 1, 2015, in the Clarion County Court of Common Pleas.  We affirm.

The trial court set forth the relevant factual background of this matter as follows:

> The charges in this case arose from an incident that took place in Clarion County on June 15, 2014. At that time, Appellant and the victim—Andrea Cooper—had recently ended their relationship of several years. Andrea Cooper had primary physical custody of their two young children. Because June 15 happened to be Father's Day, Appellant requested to spend the day with the children. Ms. Cooper agreed, stating that she and the children would pick up Appellant at his residence and then all of them would return to her home to spend the day together.
>
> At trial, both the victim and Appellant testified that this plan broke down once Ms. Cooper arrived at Appellant's home. Instead of entering Ms. Cooper's vehicle once she arrived,

Appellant asked the children to come into the house to see a present he had purchased for them. After a brief period inside Appellant's residence, Appellant agreed to return to Ms. Cooper's home to continue the visit. Once Ms. Cooper was outside of the residence, however, Appellant immediately closed and locked the door behind her, trapping the children inside. Appellant testified at trial that it had always been his intention to deceive Ms. Cooper in this manner, maintaining that their written custody agreement regarding the older child gave him custody on Father's Day. This custody agreement was entered into evidence. The agreement did not cover the younger child, who was born after the time of the agreement.

Locked away from her children, Ms. Cooper apparently spent the next several minutes to an hour arguing with Appellant through the door and attempting to gain entrance to the home. During this period there were several heated exchanges, and twice Ms. Cooper attempted to gain access to the house through an open window, but was pushed back out by Appellant. Eventually, the older child became upset and Appellant allowed him to leave the home and rejoin his mother.

Shortly after the older child left the home, one of the windows next to the door was broken. Ms. Cooper testified that the child had kicked it out in an effort to free his brother. Appellant and his girlfriend testified that Ms. Cooper had broken the window herself. At this point, Appellant testified that he called the police to report the incident. He further testified that he handed the phone to Ms. Cooper through the door so that she could speak to the police as well. Ms. Cooper accepted the phone and spoke with the police.

At trial, Appellant and Ms. Cooper disputed the details of the attack that followed. Ms. Cooper said that Appellant left the home in a rage, and made as if to attack their child. She stated that when she attempted to intervene, Appellant grabbed her by the throat, threw her several times onto a bench and struck her in the face with a closed fist. In support of this contention, the Commonwealth presented several photographs taken by police officers two days later that depicted various bruises to Ms. Cooper's arms and face.

Appellant and his girlfriend testified that Appellant never attempted to attack the child, but instead moved only to restrain

Ms. Cooper. Both stated that a struggle ensued between the two wherein both parties flailed at one another until Appellant successfully restrained Ms. Cooper.

The stories re-converge several minutes later when all parties agree Appellant's stepfather exited the house and pulled Appellant off of Ms. Cooper. Ms. Cooper then left the porch and went to her car to await the police, who arrived shortly thereafter.

Trial Court Opinion, 5/12/15, at 1-3.

On February 23, 2015, a jury found Appellant guilty of simple assault, graded as a misdemeanor of the second degree, and the trial court found Appellant guilty of the summary offense of harassment. Following the verdicts, Appellant made a motion for judgment notwithstanding the verdicts[1] as to both counts, and the trial court denied Appellant's motion. N.T., Trial, 2/23/15, at 112. On April 1, 2015, the trial court sentenced Appellant to a term of nine to twenty-four months less one day on the simple assault conviction and imposed a $300.00 fine on the harassment charge. Appellant filed a timely appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[1] We point out that a motion for judgment notwithstanding the verdict is not available in a criminal case. **See Commonwealth v. Blassingale**, 581 A.2d 183, 191 (Pa. Super. 1990) (noting that the court procedure of entering a judgment non obstante veredicto does not extend to criminal prosecutions). However, we are satisfied that this was merely a misstatement in terminology and that it was counsel's intention to move for a post-verdict judgment of acquittal pursuant to Pa.R.Crim.P. 720(B)(1)(a)(ii).

On appeal, Appellant presents the following issue for this Court's consideration:

> Did the trial court err in finding that the Commonwealth had established sufficient evidence to disprove Appellant's claims of justification?

Appellant's Brief at 4.

"In reviewing a claim based upon the sufficiency of the evidence, the appellate court must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom." ***Commonwealth v. Torres***, 766 A.2d 342, 344 (Pa. 2001) (citation omitted). A person commits simple assault if he "attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another." ***Id***. (quoting 18 Pa.C.S. § 2701(a)(1)).

Here, Appellant conceded that his actions, when viewed in the light most favorable to the Commonwealth, establish the crime of simple assault. Appellant's Brief at 15.[2] However, as noted above, Appellant asserted that his actions in this matter were justified. ***Id***.

---

[2] Appellant does not mention his harassment conviction in this appeal and only addresses the conviction for simple assault. Accordingly, any challenge to his conviction for the summary offense of harassment is waived. ***See Commonwealth v. Renchenski***, 988 A.2d 699, 703 (Pa. Super. 2010) (stating that the failure to present any argument, citation, or supporting legal authority to substantiate a claim renders it waived for purposes of appeal).

The use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. **Torres**, 766 A.2d at 344 (citing 18 Pa.C.S. § 505(a)). "When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt." **Id**. at 344. However, while the Commonwealth must disprove a claim of self-defense, the jury is not required to believe the testimony of the defendant who raises the claim. **Commonwealth v. Chine**, 40 A.3d 1239, 1243 (Pa. Super. 2012) (citation omitted).

The trial court addressed Appellant's justification claim as follows:

> In the present case, Appellant presented evidence that he reasonably believed that the force he employed against victim was necessary to prevent harm to himself and the others in the home. Accordingly, the Commonwealth bore the burden of proving beyond a reasonable doubt that either Appellant did not believe that his use of force was necessary, or that such belief was unreasonable. *Com. v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011); 18 Pa.C.S.A. § 505.

> The Commonwealth presented evidence from which a jury could infer that Appellant did not actually believe that the force used was necessary to protect himself or others. The Appellant in this case admitted on the stand that he allowed one of his children to go out to be with Ms. Cooper and that he had handed her his phone through the door without any apparent concern for his safety only minutes before the attack. These actions clearly belie any claim that [Appellant] believed himself to be in danger, and a jury could well have found [Appellant] guilty beyond a reasonable doubt on these grounds.

> Further, the Commonwealth presented evidence that any belief Appellant had in the necessity of using force was

unreasonable. At the point Appellant chose to attack Ms. Cooper the incident had been occurring steadily for approximately an hour without apparent escalation. Further, he had already called the police to respond to the situation and had no reason to believe that the situation would turn violent in the time it took for them to arrive.

Finally, the Commonwealth presented evidence that, even if some use of force would have been justifiable, [Appellant's] attack was more severe than was reasonably warranted. *See Com. v. Witherspoon*, 730 A.2d 496, 499 (Pa. Super. Ct. 1999) ("This case involves a mere battery, and in such cases, force may be met with force so long as it is only force enough to repel the attack.") [(citation omitted)]. Ms. Cooper testified that Appellant violently attacked her, choking her, throwing her to the ground, and striking her in the face. If the jury chose to credit this testimony over that of Appellant—as the court must assume it did in ruling on a motion for [judgment of acquittal]—they could reasonably have found that Appellant's force was far more severe than he could have reasonably believed necessary to subdue Ms. Cooper.

Trial Court Opinion, 5/12/15, at 4-5.

We agree with the trial court's conclusion. Although Appellant avers that he was justified in his attack on Ms. Cooper, the Commonwealth presented evidence that disproved Appellant's claim. Moreover, we reiterate that despite Appellant's assertion of justification, the jury was not required to believe Appellant's testimony. **Chine**, 40 A.3d at 1243.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/14/2016</u>