J-S46009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKE HOWARD | |
| Appellant | No. 1523 EDA 2014 |

Appeal from the PCRA Order April 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002711-2008
CP-51-CR-0002712-2008

BEFORE:  MUNDY, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                     **FILED JULY 28, 2015**

Appellant, Mike Howard, appeals *pro se* from the April 11, 2014 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows.  On January 30, 2009, Appellant was convicted of one count each of robbery and possession of an instrument of a crime (PIC).[2]  On March 19, 2009, the trial court imposed an aggregate sentence of six to 12 years'

_____

[1] We note the Commonwealth has elected not to file a brief in this matter.

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 907(a), respectively.

imprisonment.[3]   Appellant filed a timely notice of appeal, and this Court affirmed the judgment of sentence on June 14, 2010.   *Commonwealth v. Howard*, 4 A.3d 684 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 15 A.3d 489 (Pa. 2011).   Our Supreme Court denied Appellant's petition for allowance of appeal on February 16, 2011.   *Id.*   Appellant did not seek a writ of *certiorari* from the Supreme Court of the United States.

On November 9, 2011, Appellant timely filed the instant *pro se* PCRA petition and the PCRA court appointed counsel.  PCRA counsel filed a motion to withdraw on August 5, 2013, along with a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  PCRA counsel filed a supplemental *Turner*/*Finley* letter on January 22, 2014 at the request of the PCRA court.   On February 19, 2014, the PCRA court entered an order notifying Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant did not file a response to the Rule 907 notice.   The PCRA court entered its final order dismissing Appellant's PCRA petition and granting

---

[3]  Specifically, the trial court sentenced Appellant to six to 12 years' imprisonment for robbery and two to four years' imprisonment for PIC.  The two sentences were to run concurrently to each other.

counsel's petition to withdraw on April 11, 2014. On May 7, 2014, Appellant filed a timely *pro se* notice of appeal.[4]

On appeal, Appellant raises the following seven issues for our review.

> I. Whether Appellant was denied due process of law and effective assistance of all counsels' [sic] in their failure to guarantee his right to a fundamental [sic] fair trial due to the prosecutor for the Commonwealth uses [sic] of [a] false trial theory[?] This violated Appellant's right to due process and effective assistance of counsel, as guaranteed by Amendments 6 and 14 to the U.S. Constitution and the corresponding provisions of the Pennsylvania Constitution.
>
> II. Was not Appellant denied due process of law and effective assistance of counsel on his first [PCRA] petition, as guaranteed by Amendments 6 and 14 to the U.S. Constitution and the provisions of the Pennsylvania Constitution?
>
> III. Was not PCRA counsel ineffective for failing to raise in an amended PCRA petition a layered claim of ineffective assistance of counsel for failing to object and challenge the prosecutor for the Commonwealth uses [sic] of a false trial theory?
>
> IV. Was not PCRA counsel ineffective for failing to raise in an amended PCRA petition a claim of prosecutorial misconduct in knowingly used [sic] [a] false trial theory to obtain a conviction?
>
> V. Was not PCRA counsel ineffective for failing to raise in an amended PCRA petition trial counsel's ineffectiveness by counsel's unreasonable advice

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed its Rule 1925(a) opinion on September 18, 2014.

advising Appellant to waive his constitutional right to testify?

VI.   Was not PCRA counsel ineffective for failing to raise in an amended PCRA petition trial counsel's ineffectiveness for failing to investigate Tamika Scot aka Lakisha Johnson's pending charges of robbery, and whether she received favorable treatment by the District Attorney's Office for her testimony against [] Appellant?

[VII.]   Did [] Appellant suffered [sic] a cumulative effect of ineffective assistance of counsel during trial, direct appeal, post-conviction proceedings, in ciolation [sic] of his right to due process of law and effective assistance of counsel as guaranteed by Amendments 6 and 14 to the U.S. Constitution and the corresponding provisions of the Pennsylvania Constitution?

Appellant's Brief at vi.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this

- 4 -

Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

At the outset, we elect to first address Appellant's second, third, fourth, fifth, and sixth issues together. In each of these issues, Appellant avers that PCRA counsel rendered ineffective assistance in failing to raise or investigate certain claims. **See generally** Appellant's Brief at 6-16.

This Court recently explicitly reiterated, "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014). Rather, in order to preserve such claims, Appellant must raise them in the PCRA court, such as in response to a Rule 907 notice if one is issued by the PCRA court. **Id.**; **see also Commonwealth v. Rykard**, 55 A.3d 1177, 1186 (Pa. Super. 2012) (noting the defendant preserved PCRA counsel ineffectiveness claims "by setting forth allegations of PCRA counsel's ineffectiveness in his response to the court's pre-dismissal notice[]"), *appeal denied*, 64 A.3d 631 (Pa. 2013); Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").

Instantly, our review of the certified record reveals Appellant did not file a response to the PCRA court's Rule 907 notice. Furthermore, the record does not contain any other form of objection from Appellant concerning

PCRA counsel's stewardship. Based on these considerations, we conclude Appellant has waived these issues on appeal.

Turning to Appellant's remaining issues, in his first issue, Appellant argues that trial counsel was ineffective because trial counsel "should have lodged an objection or moved for an arrest of judgment on the fact that the prosecutor for the Commonwealth was pursuing a trial against Appellant … based on a false theory."[5] Appellant's Brief at 4. Appellant also claims direct appeal counsel should have raised this issue on direct appeal. *Id.*

The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[6] U.S. Const. amend. VI. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel. *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise."

___

[5] We note this issue was explicitly raised in Appellant's *pro se* PCRA petition. Appellant's PCRA Petition, 11/9/11, at 3.

[6] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …." Pa. Const. art. I, § 9. Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment. *Pierce*, *supra* at 976.

*Fears*, *supra* at 804 (brackets in original; citation omitted). As established by **Strickland** and **Pierce**, to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." **Commonwealth v. Elliott**, 80 A.3d 415, 427 (Pa. 2013) (citation omitted), *cert. denied*, **Elliott v. Pennsylvania**, 135 S. Ct. 50 (2014).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. **Commonwealth v. Roney**, 79 A.3d 595, 604 (Pa. 2013) (citation omitted), *cert. denied*, **Roney v. Pennsylvania**, 135 S. Ct. 56 (2014).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Roney*, *supra* at 605 (citation omitted).

As noted above, Appellant claims trial counsel was ineffective because he "should have lodged an objection or moved for an arrest of judgment on the fact that the prosecutor for the Commonwealth was pursuing a trial against Appellant … based on a false theory." Appellant's Brief at 4. Specifically, Appellant claims that the testimony of the Commonwealth's witness, Lakeisha Johnson, identifying Appellant as the man who robbed the victim, was contradictory because Johnson recanted her statement at trial. *Id.* at 2.

During the hearing on Appellant's motion to suppress, Johnson testified that she did not identify Appellant, and she could not even remember the police asking her to identify anyone. N.T., 1/28/09 (Suppression), at 27, 32. Officer John Sweeny of the Philadelphia Police Department testified at the same hearing that Johnson did identify Appellant as the one who robbed the victim on the night of the offense. *Id.* at 19, 23-24. Johnson testified at trial that she did not identify anyone. N.T., 1/28/09 (Trial), at 94.

Appellant argues that trial counsel should have sought an arrest of judgment.[7]  **Id.**  This Court has consistently explained that a motion for an arrest of judgment is a challenge to the sufficiency of the Commonwealth's evidence.  **Commonwealth v. Feathers**, 660 A.2d 90, 91-92 (Pa. Super. 1995), *affirmed*, 683 A.2d 289 (Pa. 1996); **Commonwealth v. Taylor**, 471 A.2d 1228, 1229 (Pa. Super. 1984).  Our Supreme Court has stated that a claim "that the prior inconsistent statements of the Commonwealth's trial witnesses … were too unreliable to establish, as a matter of law, his guilt beyond a reasonable doubt is a claim which implicates the sufficiency of the evidence."  **Commonwealth v. Brown**, 52 A.3d 1139, 1157 n.18 (Pa. 2012).  However, our Supreme Court has also cautioned that a witness' mere recantation at trial of a prior statement he made to police does not **automatically** render that prior statement insufficient as a matter of law.  **Commonwealth v. Hanible**, 836 A.2d 36, 39 (Pa. 2003).

It remains that, as the fact finder at trial, "the jury was free to evaluate both [Johnson]'s statement to police as well as [her] testimony at trial recanting that statement, and free to believe all, part, or none of the evidence."  **Id.**  Here, the jury evaluated Johnson's statement to the police

---

[7] Appellant's also argues that trial counsel should have objected to the contradictory statements.  Appellant's Brief at 4.  Upon review, Appellant has failed to articulate the legal basis for the objection he wished for trial counsel to make.  As a result, we deem this portion of his argument waived.  **See generally Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, **Johnson v. Pennsylvania**, 562 U.S. 906 (2010).

and chose to credit Officer Sweeny's testimony as to Johnson's initial identification of Appellant to the police. *See generally* N.T., 1/28/09 (Suppression), at 19, 23-24. The jury was equally permitted to reject Johnson's own testimony that the police never asked her to identify anyone. *See generally* N.T., 1/28/09 (Trial), at 94. As Appellant's argument to the sufficiency of the evidence lacked arguable merit, trial counsel cannot be ineffective for not raising the issue.[8]

In his seventh issue, Appellant argues that the cumulative effect of all of his prior attorneys' stewardship resulted in a constitutional violation. Appellant's Brief at 16-17. However, as we have rejected each of Appellant's claims as either waived or lacking merit, this claim fails as well. *See Commonwealth v. Spotz*, 18 A.3d 244, 321 (Pa. 2011) (stating, "no number of failed claims may collectively warrant relief if they fail to do so individually[]") (some internal brackets and citation omitted). Additionally, because all of Appellant's issues are waived or lack merit, the PCRA court did not abuse its discretion when it did not conduct an evidentiary hearing. *See Roney*, *supra*.

---

[8] To the extent Appellant argues direct appeal counsel was ineffective for not having raised the same issue on appeal, this claim also fails because "[i]t is well established that appellate counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008), *appeal denied*, 980 A.2d 606 (Pa. 2009).

Based on the foregoing, we conclude all of Appellant's issues on appeal are either waived or devoid of merit. Accordingly, the PCRA court's April 11, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015