512 A.2d 693

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Richard TRADER, Appellee.**

Superior Court of Pennsylvania.

Argued March 12, 1986.

Filed July 14, 1986.

Joseph J. Mittleman, Assistant District Attorney, Media, for Com., appellant.

Carole Kafrissen, Philadelphia, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

On December 19, 1984, at or about 8:10 p.m., a burglar alarm was activated at Saul Levy's Furniture Warehouse in the City of Chester, Delaware County. Responding police found Richard Trader in a crouched position in an adjoining, vacant building. Trader had a flashlight in his possession but was not carrying burglary tools. Although a hole had been forced in the wall between the vacant building and the warehouse, neither plaster dust nor wooden splinters were found on Trader's clothing. After the Commonwealth had proven these facts, the trial court sustained a defense demurrer to charges of criminal trespass and attempted burglary. Mere presence at the scene of a crime, the trial court held, was insufficient to prove guilt.

The sustaining of Trader's demurrer was a determination that as a matter of law the Commonwealth's evidence was insufficient to sustain a conviction. This was an acquittal. Because reversal would require a second trial in violation of the double jeopardy clause of the United States Constitution, an appeal by the Commonwealth can serve no proper purpose and, therefore, is barred. *Smalis v. Pennsylvania,* 476 U.S. ——, 106 S.Ct. 1745, 90 L.Ed.2d 116, (1986).

See also: *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). The Commonwealth's appeal in the instant case, therefore, must be quashed.

Appeal quashed.