660 A.2d 90

COMMONWEALTH of Pennsylvania, Appellant,

v.

Nancy M. FEATHERS, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 22, 1995.

Filed May 31, 1995.

John M. Daley, Asst. Dist. Atty., Hollidaysburg, for Commonwealth, appellant.

John D. Sisto, Altoona, for appellee.

Before ROWLEY, P.J., and CAVANAUGH, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA, FORD ELLIOTT and SAYLOR, JJ.

WIEAND, Judge.

The principal issue in this appeal is whether a post-verdict judgment of acquittal, entered by a trial court pursuant to Pa.R.Crim.P. 1124(a)(4), is appealable by the Commonwealth. Because we have concluded that a Commonwealth appeal is proper, we will also review the evidence to determine whether it was sufficient to sustain the jury's finding that Nancy M. Feathers, appellee, was guilty of operating a motor vehicle while under the influence of alcohol in violation of 75 Pa.C.S. § 3731(a)(1).

Nancy Feathers was tried by jury and was found guilty on January 21, 1994. After the verdict had been rendered and the jury discharged, Feathers moved orally for the entry of a judgment of acquittal by the trial court on grounds that the evidence had been insufficient to sustain the verdict. When this motion was granted by the trial court, the Commonwealth appealed.

By amendment dated March 22, 1993, and effective as to cases in which a determination of guilt occurs after January 1, 1994, Pa.R.Crim.P. 1124[1] permits a defendant in a criminal

---

1. The rule, as it previously existed, was as follows:
 **Rule 1124. Challenges to Sufficiency of Evidence**
 (a) A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged by a:
 (1) demurrer to the evidence presented by the Commonwealth at the close of the Commonwealth's case-in-chief;
 (2) motion for judgment of acquittal at the close of all the evidence;
 (3) motion for judgment of acquittal filed within ten (10) days after the jury has been discharged without agreeing upon a verdict; or
 (4) motion in arrest of judgment filed within ten (10) days after a finding of guilt.

case to challenge the sufficiency of the evidence in one or more of the ways there set forth. The Rule provides:

## Rule 1124. Challenges to Sufficiency of Evidence

(a) A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in one or more of the following ways:

(1) a motion for judgment of acquittal at the close of the Commonwealth's case-in-chief;

(2) a motion for judgment of acquittal at the close of all the evidence;

(3) a motion for judgment of acquittal filed within 10 days after the jury has been discharged without agreeing upon a verdict;

(4) a motion for judgment of acquittal made orally immediately after verdict;

(5) a motion for judgment of acquittal made orally before sentencing pursuant to Rule 1405.B;

(6) a motion for judgment of acquittal made after sentence is imposed pursuant to Rule 1410.B; or

(7) a challenge to the sufficiency of the evidence made on appeal.

(b) A motion for judgment of acquittal shall not constitute an admission of any facts or inferences except for the purpose of deciding the motion. If the motion is made at the close of the Commonwealth's evidence and is not grant-

(b) A demurrer to the evidence shall not constitute an admission of any facts or inferences except for the purpose of deciding the demurrer. If the demurrer is not sustained, the defendant may present evidence and the case shall proceed.

(c) If a defendant moves for judgment of acquittal at the close of all the evidence, the court may reserve decision until after the jury returns a guilty verdict or after the jury is discharged without agreeing upon a verdict.

(d) The defendant may file a motion under subparagraph (a)(3) or (a)(4) even though the defendant did not move for judgment of acquittal at the close of all the evidence. The denial of a motion for judgment of acquittal at the close of all the evidence does not preclude later consideration of a motion for judgment of acquittal after discharge of the jury or a motion in arrest of judgment.

Pa.R.Crim.P. 1124 (former version).

ed, the defendant may present evidence without having reserved the right to do so, and the case shall otherwise proceed as if the motion had not been made.

(c) If a defendant moves for judgment of acquittal at the close of all the evidence, the court may reserve decision until after the jury returns a guilty verdict or after the jury is discharged without agreeing upon a verdict.

This Rule eliminated the use of the terms "demurrer" and "motion in arrest of judgment" and substituted a "motion for judgment of acquittal." The Comment to the Rule states that the purpose of the amendment is to standardize the terminology used for challenges to the sufficiency of the evidence at all stages of the proceeding, consistently with the practice in a majority of the states, as well as under the Federal Rules of Criminal Procedure.[2] The Comment cautions, however, that

2. Federal Rule of Criminal Procedure 29 provides:

**Rule 29. Motion for judgment of acquittal**

(a) Motion before submission to jury. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.

(b) Reservation of decision on motion. If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

(c) Motion after discharge of jury. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

(d) Same: conditional ruling on grant of motion. If a motion for judgment of acquittal after verdict of guilty under this Rule is granted, the court shall also determine whether any motion for a new trial

the amendment was not intended to change substantively the law in Pennsylvania regarding a challenge to the sufficiency of the evidence in a criminal case.

The United States Supreme Court has declared that "[p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.'" *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642, 651 (1977), quoting *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300, 303 (1896). See also: *Commonwealth v. Tillman*, 501 Pa. 395, 461 A.2d 795 (1983); *Commonwealth v. Maurizio*, 496 Pa. 584, 437 A.2d 1195 (1981). "The fundamental nature of this rule is manifested by its explicit extension to situations where an acquittal is 'based upon an egregiously erroneous foundation.'" *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43, 54 (1978), quoting *Fong Foo v. United States*, 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629, 631 (1962). See also: *Borough of West Chester v. Lal*, 493 Pa. 387, 392, 426 A.2d 603, 605 (1981); *Commonwealth v. Walczak*, 440 Pa.Super. 339, 440 Pa.Super. 347, 655 A.2d 592, 596 (1995). Under this principle, "[a] judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution *when a second trial would be necessitated by a reversal.*" *United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65, 74 (1978) (emphasis added) (footnote omitted). See: *Commonwealth v. Trader*,

should be granted if the judgment of acquittal is thereafter vacated or reversed, specifying the grounds for such determination. If the motion for a new trial is granted conditionally, the order thereon does not affect the finality of the judgment. If the motion for a new trial has been granted conditionally and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. If such motion has been denied conditionally, the appellee on appeal may assert error in that denial, and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.
Fed.R.Crim.P. 29.

354 Pa.Super. 583, 512 A.2d 693 (1986). However, "where a Government appeal presents no threat of successive prosecutions, the Double Jeopardy Clause is not offended." *United States v. Martin Linen Supply Co., supra,* 430 U.S. at 569–570, 97 S.Ct. at 1354, 51 L.Ed.2d at 650. See also: *United States v. DiFrancesco,* 449 U.S. 117, 132, 101 S.Ct. 426, 434, 66 L.Ed.2d 328, 342 (1980). The Supreme Court has cautioned, "the language of cases in which we have held that there can be no appeal from, or further prosecution after, an 'acquittal' cannot be divorced from the procedural context in which the action so characterized was taken. The word itself has no talismanic quality for purposes of the Double Jeopardy Clause." *Serfass v. United States,* 420 U.S. 377, 392, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 276 (1975) (citations omitted).

In *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), the Supreme Court held "that when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause." *Id.* at 352–353, 95 S.Ct. at 1026, 43 L.Ed.2d at 247. The Court said:

[W]here there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended. In various situations where appellate review would not subject the defendant to a second trial, this Court has held that an order favoring the defendant could constitutionally be appealed by the Government. Since the 1907 Criminal Appeals Act, for example, the Government has been permitted without serious constitutional challenge to appeal from orders arresting judgment after a verdict has been entered against the defendant. See, e.g., *United States v. Bramblett,* 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955); *United States v. Green,* 350 U.S. 415, 76 S.Ct. 522, 100 L.Ed. 494 (1956); *Pratt v. United States,* 70 App.D.C. 7, 11, 102 F.2d 275, 279 (1939). Since reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution.

*Id.* at 344–345, 95 S.Ct. at 1022, 43 L.Ed.2d at 242 (footnote omitted). And in *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975), the Court observed by way of dictum as follows:

> When a case has been tried to a jury, the Double Jeopardy Clause does not prohibit an appeal by the Government providing that a retrial would not be required in the event the Government is successful in its appeal. *United States v. Wilson,* 420 U.S., at 344–345, 352–353, 95 S.Ct., at 1022–1023, 1026–1027, 43 L.Ed.2d, at 242, 246–247. When this principle is applied to the situation where the jury returns a verdict of guilt but the trial court thereafter enters a judgment of acquittal, an appeal is permitted. In that situation a conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a second trial; the error can be corrected on remand by the entry of a judgment on the verdict. To be sure, the defendant would prefer that the Government not be permitted to appeal or that the judgment of conviction not be entered, but this interest of the defendant is not one that the Double Jeopardy Clause was designed to protect.

*Id.* at 365, 95 S.Ct. at 1011, 43 L.Ed.2d at 256–257.[3] See also: *Arizona v. Rumsey,* 467 U.S. 203, 211–212, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164, 171–172 (1984); *United States v. Scott, supra,* 437 U.S. at 91 n. 7, 98 S.Ct. at 2194 n. 7, 57 L.Ed.2d at 74 n. 7.

All Courts of Appeal which have considered the issue have followed the Supreme Court and have held uniformly that the government may appeal from a trial court's post-verdict order finding the evidence insufficient to sustain a jury's verdict and entering a judgment of acquittal in favor of the defendant. In the event an appellate court finds that the jury's verdict was supported by sufficient evidence, it may reverse the trial court's ruling and reinstate the jury's verdict without remanding for any further resolution of factual issues. See: *United*

**3.** The decision in *United States v. Jenkins* was overruled on other grounds in *United States v. Scott, supra.*

*States v. Covino,* 837 F.2d 65, 67–68 (2d Cir.1988); *United States v. Leal,* 781 F.2d 1108, 1110 (5th Cir.1986), *cert. denied,* 479 U.S. 831, 107 S.Ct. 116, 93 L.Ed.2d 63 (1986); *United States v. Martinez,* 763 F.2d 1297, 1309–1311 (11th Cir.1985); *United States v. Singleton,* 702 F.2d 1159, 1161–1162 (D.C.Cir. 1983); *United States v. Steed,* 674 F.2d 284, 285–286 (4th Cir.1982) (en banc), *cert. denied,* 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 68 (1982); *United States v. Dixon,* 658 F.2d 181, 187–188 (3d Cir.1981); *United States v. Blasco,* 581 F.2d 681, 683–684 (7th Cir.1978), *cert. denied,* 439 U.S. 966, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978); *United States v. Jones,* 580 F.2d 219, 221–222 n. 3 (6th Cir.1978); *United States v. Calloway,* 562 F.2d 615, 616–617 (10th Cir.1977); *United States v. Rojas,* 554 F.2d 938, 941–942 (9th Cir.1977); *United States v. Donahue,* 539 F.2d 1131, 1133–1134 (8th Cir.1976).

■ The law in Pennsylvania is consistent with the federal decisions. In *Commonwealth v. Rawles,* 501 Pa. 514, 462 A.2d 619 (1983), the Pennsylvania Supreme Court observed:

A factfinder's verdict of acquittal is, of course, insulated from further review. *Commonwealth v. Maurizio,* 496 Pa. 584, 437 A.2d 1195 (1981); *Commonwealth v. Ray, supra* [448 Pa. 307, 292 A.2d 410 (1972) ]; *Commonwealth v. Rios,* 447 Pa. 397, 289 A.2d 721 (1972); *Commonwealth v. Haines, supra* [410 Pa. 601, 190 A.2d 118 (1963) ]. However, where a court finds as a matter of law the evidence is not sufficient to support the verdict, that, like any other ruling on a question of law, is subject to review, and an order by the reviewing court reversing that conclusion and reinstating the jury verdict does not offend the proscription against double jeopardy. *See United States v. Morrison,* 429 U.S. 1, 97 S.Ct. 24, 50 L.Ed.2d 1 (1976); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Dixon,* 658 F.2d 181 (3d Cir.1981); *Commonwealth v. Parker,* 305 Pa.Super. 516, 451 A.2d 767 (1982).

*Id.* at 519–520, 462 A.2d at 621. "[W]here a trial court has found post-verdict that the evidence was insufficient as a matter of law to support the verdict, that determination is subject to appellate review, for an order by an appellate court

reversing such a conclusion and reinstating the verdict does not require a second trial." *Commonwealth v. Smalis,* 331 Pa.Super. 307, 314, 480 A.2d 1046, 1050 (1984) (en banc), *rev'd, Commonwealth v. Zoller,* 507 Pa. 344, 490 A.2d 394 (1985), *rev'd, Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986), order of Superior Court reinstated, *Commonwealth v. Smalis,* 511 Pa. 229, 512 A.2d 634 (1986). See: *Commonwealth v. Coleman,* 367 Pa.Super. 108, 119, 532 A.2d 477, 482 (1987) (for double jeopardy purposes crucial distinction must be made between pre-conviction and post-conviction determinations of insufficiency of the evidence). See also: *Commonwealth, Department of Transportation v. Springbrook Transport, Inc.,* 390 Pa.Super. 308, 314–316 & n. 4, 568 A.2d 667, 670–671 & n. 4 (1990); *Commonwealth v. Fitzhugh,* 360 Pa.Super. 217, 224–226, 520 A.2d 424, 427–428 (1987).

In *Commonwealth v. Dewald,* 426 Pa.Super. 445, 627 A.2d 759 (1993), a three judge panel of the Superior Court held by a vote of two to one that a trial court's post-verdict entry of a judgment of acquittal because of insufficient evidence was not appealable by the Commonwealth.[4] We have reviewed that decision carefully but conclude that it was incorrectly decided. It is, therefore, expressly overruled.

Because the appeal by the Commonwealth in this case is properly before the Court, we will proceed to a review of the trial court's determination that the evidence was insufficient to sustain the jury's finding of guilt.

In passing upon a post-verdict motion for judgment of acquittal, a trial court is limited to determining the presence or absence "of that quantum of evidence necessary to establish the elements of the crime." *Commonwealth v. Bigelow,* 416 Pa.Super. 449, 452, 611 A.2d 301, 303 (1992). See also: *Commonwealth v. Meadows,* 471 Pa. 201, 205–206, 369 A.2d 1266, 1268 (1977); *Commonwealth v. Yapsuga,* 369 Pa.Super. 336, 339, 535 A.2d 187, 188 (1987). To determine

---

4. Although *Dewald* was decided under the former version of Rule 1124, this difference is of no significance.

the legal sufficiency of evidence supporting a jury's verdict of guilty, this Court must:

> view the evidence in the light most favorable to the Commonwealth, which has won the verdict, and draw all reasonable inferences in its favor. We then determine whether the evidence is sufficient to permit a jury to determine that each and every element of the crimes charged has been established beyond a reasonable doubt. See: *Commonwealth v. Aulisio*, 514 Pa. 84, 91, 522 A.2d 1075, 1079 (1987). See also: *Commonwealth v. Smith*, 523 Pa. 577, 581, 568 A.2d 600, 602 (1989); *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). It is the function of the jury to pass upon the credibility of the witnesses and to determine the weight to be accorded the evidence produced. The jury is free to believe all, part or none of the evidence introduced at trial. See: *Commonwealth v. Guest*, 500 Pa. 393, 396, 456 A.2d 1345, 1347 (1983). See also: *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975); *Commonwealth v. Verdekal*, 351 Pa.Super. 412, 419–420, 506 A.2d 415, 419 (1986). The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Sullivan*, 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), quoting *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A.2d 95, 97 (1943). See also: *Commonwealth v. Kravitz*, 400 Pa. 198, 215, 161 A.2d 861, 869 (1960), *cert. denied*, 365 U.S. 846, 81 S.Ct. 807, 5 L.Ed.2d 811 (1961).

*Commonwealth v. Shoup*, 423 Pa.Super. 12, 16–17, 620 A.2d 15, 16–17 (1993).

 In order to establish appellee's guilt of violating 75 Pa.C.S. § 3731(a)(1), the Commonwealth was required "to prove: (1) that [s]he was operating a motor vehicle, (2) while under the influence of alcohol to a degree which rendered

[her] incapable of safe driving." *Commonwealth v. Griscavage,* 512 Pa. 540, 544, 517 A.2d 1256, 1258 (1986). See also: *Commonwealth v. Weis,* 416 Pa.Super. 623, 635, 611 A.2d 1218, 1225 (1992). A police officer who has perceived a defendant's appearance and acts, the Superior Court has held, is competent to express an "opinion as to the defendant's state of intoxication and to [her] ability to drive a vehicle safely." *Commonwealth v. Neiswonger,* 338 Pa.Super. 625, 629, 488 A.2d 68, 70 (1985) (footnote omitted). Moreover, "evidence that the driver was not in control of [her]self, such as failing to pass a field sobriety test, could establish the driver was under the influence of alcohol to a degree which rendered [her] incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving." *Commonwealth v. Kowalek,* 436 Pa.Super. 361, 369, 647 A.2d 948, 952 (1994).

■ Here, the evidence, when viewed in a light most favorable to the Commonwealth, was clearly sufficient to sustain the jury's finding that appellee had driven a vehicle while under the influence of alcohol to a degree which rendered her incapable of safe driving.

On June 9, 1993, at or about 12:45 a.m., Chief Paul Phaler of the Bellwood Borough Police Department was on his way home from work when he observed a vehicle which had been driven into a construction zone where it had become "hung up." Its front tires were hanging over the edge of a newly constructed roadway and were suspended approximately six to ten inches off the ground. Behind the wheel was Nancy Feathers, who was revving the engine and trying to move her car off the newly surfaced roadway. Because Phaler, who was in uniform, was outside his primary jurisdiction, he called the state police and notified them of the accident. When he thereafter approached the vehicle, he observed Feathers get out of the car, holding onto the door for support. She appeared to be upset and was talking in a rambling manner about the death of her husband.[5] When Phaler attempted to

5. Appellee's first husband, a tow truck operator, had been killed in a work related accident in August, 1977. She had remarried approxi-

speak to her, he observed that she was crying, that her eyes were glassy and her speech slurred, and that she had on her breath a strong odor of alcohol. She said that she had had a couple of drinks with friends. Phaler told her that the state police had been notified and suggested that she wait in her car until they arrived. Thereafter, Feathers attempted several times to extricate her vehicle from the new roadway without success. After each unsuccessful attempt, she would exit the vehicle and walk around it in a staggering manner, holding on to the vehicle for support. Phaler testified without objection that in his opinion the defendant had been under the influence of alcohol to a degree which rendered her incapable of safe driving.

State Trooper Robert Clark testified that when he and Trooper Mark Dillon arrived at the construction site, the Feathers vehicle was suspended on the newly constructed roadway. When he asked her for her driver's license, registration and insurance card, the defendant was mumbling about the death of her husband and about a desire to go home. He said that there had been a strong odor of alcohol on her breath and about her person and that she had experienced difficulty in producing her license and insurance card. When she got out of her car, she was unstable on her feet, was swaying and had to lean against the vehicle for support. When asked where she was coming from, she replied that she had been at Chaser's Lounge in Tyrone, where she had had a couple of beers. Her eyes were red and bloodshot, but she did not appear to be injured. Trooper Clark requested Feathers to perform several sobriety tests, including a heel to toe test and standing on one leg, which she failed "very badly." Appellee was then placed under arrest and taken to Altoona Hospital, where, after being advised of her rights, she refused to consent to the withdrawal of blood for testing. Trooper Clark and also Trooper Dillon testified that in their opinions the defendant was intoxicated.

mately eight months before the incident upon which the drunk driving charge was based.

Appellee testified on her own behalf and explained that she had worked a double shift, had taken a muscle relaxant for leg pains, had been concerned about impending breast surgery and had gone to Chaser's Lounge to talk with her employer. She had been there for about two hours, she said, during which she may have drunk four beers. She said the markings at the construction zone had been changed during the day and that she had become confused during her late night drive home. She attributed her inability to perform the field sobriety tests and her refusal to submit to a blood test to the fact that she was upset.

In setting aside the jury's verdict, the trial court concluded that the Commonwealth's evidence was speculative and insufficient to establish guilt beyond a reasonable doubt. The court also accepted appellee's explanation. Although the trial court suggested various arguments in support of its conclusions, it is eminently clear that the trial court engaged in an impermissible re-evaluation of the credibility of the witnesses and the weight of the evidence. These determinations were for the jury and not for the court. When the evidence is viewed in a light most favorable to the Commonwealth, in whose favor the jury returned a verdict, there can be no doubt that it was sufficient, if believed, to support the verdict. When the trial court nevertheless substituted its judgment for that of the jury, it erred.

The judgment of acquittal entered by the trial court is reversed, and the verdict of the jury is reinstated. The case is remanded to the trial court for the imposition of sentence. Jurisdiction is not retained meanwhile.