J-A24019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL A. MIKLOSKO, JR. | |
| Appellant | No. 1816 WDA 2016 |

Appeal from the Judgment of Sentence Dated October 27, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015671-2015

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    FILED  NOVEMBER 17, 2017

Appellant, Michael A. Miklosko, appeals from the judgment of sentence imposed after the trial court convicted him of driving under the influence of alcohol (DUI) – general impairment, 75 Pa.C.S. § 3802(a)(1).  We affirm.

The trial court recited the facts as follows:

> At approximately 12:50 A.M. on July 4, 2015, Ross Township Police Officer Balazs Devenyi was observing traffic from a parking lot on McKnight Road in his marked police vehicle.  Officer Devenyi observed Appellant make an illegal U-turn on McKnight Road at Nelson Run Road.  Officer Devenyi pulled out of the parking lot onto McKnight Road and followed Appellant.  Officer Devenyi ran Appellant's registration, and while following Appellant observed that he twice swerved over the solid white line separating McKnight Road from the 279 South on-ramp.  At that point, Officer Devenyi activated his lights and sirens and attempted to conduct a traffic stop of Appellant's vehicle.  Appellant drove another 300 feet before pulling over in response to the police officer's action.
>
> Officer Devenyi walked over to the driver's side window and spoke with Appellant.  Officer Devenyi immediately smelled

a moderate odor of alcoholic beverage on Appellant's breath. Appellant's eyes were glassy, watery, and bloodshot. Appellant provided his driver's license upon request, and Officer Devenyi returned to his vehicle to run Appellant's license. Officer Devenyi learned that Appellant's driver's license was suspended.

When Officer Devenyi returned to Appellant's vehicle, he noticed that the vehicle was still in drive, and he requested that Appellant shut the vehicle off and hand him the keys. Additional officers arrived on [the] scene to serve as backup, and Officer Devenyi asked Appellant to step out of the vehicle to conduct field sobriety tests; Appellant complied. Officer Devenyi administered several field sobriety tests, including walk and turn, one leg stand, and modified Romberg balance tests. Appellant swayed throughout the tests and had difficulty following instructions. Appellant failed the walk and turn test and the one leg stand test. At that point, Officer Devenyi asked Appellant to submit to a preliminary breath test, and Appellant complied. Appellant admitted that he was drinking earlier in the evening.

Based on Appellant's performance in the field sobriety tests, the operation of his vehicle, his admission to the consumption of alcohol, and his overall appearance, Officer Devenyi was of the opinion that Appellant was under the influence of alcohol or drugs to the degree that he was unable to safely operate a motor vehicle. Appellant was arrested and charged [with DUI].

Trial Court Opinion, 2/21/17, at 4-5 (citations to notes of testimony and footnote omitted).

Appellant appeared for a non-jury trial on September 29 and October 20, 2016. On October 27, 2016, the trial court rendered its guilty verdict and sentenced Appellant to six months of probation for DUI.[1] Appellant filed this timely appeal. He presents a single issue for our review:

_____

[1] The trial court also found Appellant guilty of the summary offenses of driving while his operating privilege was suspended and making an unsafe U-turn, 75 Pa.C.S. §§ 1543 and 3332, but did not impose any further penalty.

Did the trial court err in finding [Appellant] guilty of violating 75 Pa.C.S. § 3802(a)(1) when the evidence was insufficient as a matter of law to establish, beyond a reasonable doubt, that [Appellant] was impaired by alcohol to a degree that rendered him incapable of safe driving?

Appellant's Brief at 6.

An en banc panel of this Court recently explained our role when reviewing a DUI conviction under Section 3802(a)(1):

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Section 3802(a)(1) of the Vehicle Code provides:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1) (emphasis added). In order to prove a violation of this section, the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the

influence of alcohol to such a degree as to render him incapable of safe driving. Commonwealth v. Palmer, 751 A.2d 223, 228 (Pa. Super. 2000). To establish the second element, the Commonwealth must show that alcohol has

> substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving.

Id. (citations and footnote omitted).

Commonwealth v. Gause, 164 A.3d 532, 540-41 (Pa. Super. 2017) (en banc).

Appellant argues that the evidence was "anemic, ambiguous, and contradictory." Appellant's Brief at 25, 30-31. Appellant contends that no witness testified to Appellant being impaired by alcohol to a degree that rendered him incapable of safe driving. Id. at 25, 34, 38. He further asserts that he passed two of the four field sobriety tests administered by Officer Devenyi, including the Romberg balance test. He claims that the two he failed were "inherently unreliable" and that his failure was attributable to his diabetes/neuropathy. Id. Appellant stresses that the results of the "most objective of the tests" – the portable breath test – registered an alcohol level of 0.0. Id. at 25-26, 38. Appellant also states that he "did not exhibit several other commonly expected signs of alcohol impairment, such as slow, slurred speech." Id. at 26. For these reasons, Appellant maintains

- 4 -

that "the trial court's conclusion that [Appellant] was impaired by alcohol rests on a foundation of suspicion and conjecture rather than proven facts and reliable evidence." Id. at 39.

The Commonwealth responds that the evidence was sufficient to demonstrate that Appellant had consumed enough alcohol to render him incapable of safe driving because Appellant made an illegal U-turn, "swerve[d] over a solid white line, then hit his breaks, and then swerve[d] back over the line," emitted a "moderate odor of alcohol" and had "glassy, watery and bloodshot eyes," performed poorly on field sobriety tests, and admitted that he had been drinking. Commonwealth's Brief at 12-15, 18. The Commonwealth takes issue with Appellant's assertion that he passed the Romberg test, citing testimony that a Romberg test "isn't pass or fail." Id. at 15, citing N.T., 9/29/16, at 58.

Two witnesses testified at Appellant's trial.[2] The first was Ross Township Police Officer Balazs Devenyi. Officer Devenyi testified to observing Appellant's vehicle make an illegal U-turn and then "swerve over [the white] line for a second, apply its brakes, and then it swerved back over that line." N.T., 9/29/16, at 9-10. Officer Devenyi activated his siren and lights to conduct a traffic stop. He stated:

> Upon initial contact [Appellant] asked why I pulled him over, and during that contact I smelled the moderate odor of an alcoholic beverage on his breath, and I observed his eyes were glassy,

_____

[2] Appellant did not present any witnesses, and stated that he did not wish to testify. N.T., 9/29/16, at 71-72.

watery and bloodshot, and I requested his driver's license, registration and proof of insurance.

Id. at 11. Based on his observations, Officer Devenyi asked Appellant to exit the vehicle and perform standardized field sobriety tests. The officer administered the horizontal gaze nystagmus, the walk and turn, the one leg stand, and modified Romberg balance tests. Id. at 13. Appellant passed the first test. Id. at 53. Appellant failed the walk and turn and one leg stand tests. Id. at 13-14. As to the fourth test, Officer Devenyi testified that he "instructed [Appellant] on how to complete the test, but he didn't do that properly." Id. at 17. On cross-examination, Officer Devenyi testified that he administered the Romberg balance test "[t]o make additional observations about [Appellant]," but that it isn't a "pass or fail" test. N.T., 9/29/16, at 58, 63.

As a result of Appellant's field sobriety testing, Officer Devenyi asked Appellant to submit to a preliminary breath test, and Appellant agreed. The breathalyzer test showed that Appellant had no alcohol on his breath, although Officer Devenyi testified that he suspected at the time that the breathalyzer was defective, and it was later determined to be faulty and "taken out of service." N.T., 9/29/16, at 35-36. Officer Devenyi testified that Appellant admitted that he had been drinking. Id. at 23, 33.

While performing the field sobriety tests, Officer Devenyi noticed that Appellant "had white powdery residue around his nostril, and there were crumbs in his nose." N.T., 9/29/16, at 13. Suspecting possible drug use, Officer Devenyi requested that a K-9 team investigate the vehicle. Id. at

15, 37, 63. An investigation located "a small zip lock bag with some white powdery residue inside the cup holder of the vehicle" and "white powder rubbed into the glove compartment door and also some on the front passenger seat in the grains." Id. at 16. Later, Appellant's demeanor, thirst, elevated blood pressure, and complaints that he was hot led Officer Devenyi to suspect that Appellant might have been using cocaine. Id. at 21, 38-39. No testing was ever done of the powdered substances, however. Id. at 46-48.

Officer Devenyi stated, "I didn't believe [Appellant] could operate a motor [vehicle] safely on the roadway." N.T., 9/29/16, at 16. He repeated, "I believed he was incapable of safe driving on the road, and I arrested him for suspicion of driving under the influence." Id. at 17; see also id. at 19, 36 ("I did not believe he was capable of safely driving on the roadway" and "I believed [Appellant was] unable to operate a motor vehicle").

The Commonwealth also called Ross Township Police Officer Jordan Seese to testify.[3] Officer Seese testified briefly to arriving at the scene of the traffic stop, to Appellant being "a nice guy," and to not observing Officer Devenyi interacting unprofessionally with Appellant. N.T., 9/29/16, at 67-69.

_____

[3] Appellant objected to Officer Seese's testimony on the basis that it "would be redundant." N.T., 9/29/16, at 64. In overruling Appellant's objection, the trial court said, "there has been substantial cross-examination [of Officer Devenyi], and it has been to impugn his credibility. This is offered to corroborate his observations, and it's certainly admissible." Id. at 64-65.

In reviewing the above evidence in a light most favorable to the Commonwealth as verdict-winner, we conclude that no relief is due Appellant on his sufficiency argument. The statute under which Appellant was convicted states that an individual "may not drive . . . a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving . . . . 75 Pa.C.S. § 3802 (emphasis added). Appellant does not dispute that he was driving or that he consumed alcohol; his argument is that the "pittance" of evidence fails to establish beyond a reasonable doubt that he was "impaired by alcohol to a degree that rendered him incapable of safe driving." Appellant's Brief at 25. The trial court found otherwise, and its findings are supported by both the record and the case law.

Our Supreme Court has explained:

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol — not on a particular blood alcohol level.

Commonwealth v. Segida, 985 A.2d 871, 879 (Pa. 2009). Commonwealth v. Mobley, 14 A.3d 887, 890 (Pa. Super. 2011), on which the trial court relied, expresses a similar teaching, with an emphasis on field sobriety tests:

> In order to be found guilty of DUI—general impairment, an individual's alcohol consumption must substantially impair his or her ability to safely operate a vehicle. Commonwealth v. Palmer, 751 A.2d 223 (Pa. Super. 2000). Evidence of erratic driving is not a necessary precursor to a finding of guilt under the relevant statute. The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test. Id.; see also Commonwealth v. Smith, 831 A.2d 636 (Pa. Super. 2003). Herein, Appellant failed four separate field sobriety tests, smelled of alcohol, and proceeded to coast through a stop sign despite a police officer being in plain view. This evidence viewed in a light most favorable to the Commonwealth cannot be considered so weak and inconclusive that no probability of fact can be drawn from the circumstances.

14 A.3d at 890.

Our review satisfies us that the evidence here was not, as Appellant asserts, so "ambiguous and contradictory" that the trial court could not convict Appellant on the basis of it. Although Appellant's breathalyzer test did not produce evidence of alcohol, Appellant admitted that he had consumed alcohol and failed to pass some of the field sobriety tests that Officer Devenyi administered. Officer Devenyi testified that Appellant committed two traffic violations, smelled of alcohol, and had glassy, watery and bloodshot eyes. As noted above, Appellant did not offer any evidence to refute Officer Devenyi's testimony.

In addition, Officer Devenyi concluded – and opined at trial – that Appellant was incapable of safe driving. We have found repeatedly that a

police officer who has perceived a defendant's appearance and acts is competent to express an opinion as to the defendant's state of intoxication and ability to safely drive a vehicle. See, e.g., Commonwealth v. Palmer, 751 A.2d 223 (Pa. 2000), citing Commonwealth v. Feathers, 660 A.2d 90, 95-96 (Pa. Super. 1995) (en banc), aff'd, 683 A.2d 289 (Pa. 1996). Appellant argues, however, that Officer Devenyi did not arrest Appellant because he suspected him of alcoholic intoxication, but because "he suspected [Appellant] was under the influence of cocaine." Appellant's Brief at 21. Appellant adds that "when Officer Devenyi's testimony is taken as a whole," it is "evident that he did not believe that [Appellant] was impaired by alcohol to a degree that rendered him incapable of safe driving" and that, "contrary to the trial court's mistaken assertion in its 1925(a) opinion — Officer Devenyi never offered that specific opinion." Id. Our review of the record discloses, however, that Officer Devenyi testified about Appellant's possible impairment by both alcohol (which he said he smelled on Appellant's breath and to which Appellant admitted drinking) and drugs.[4]

_____

[4] Officer Devenyi testified on cross-examination by Appellant:

> Q: So if I blew a 0.0 you came to the conclusion that I was unable to operate the vehicle safely, and was that based on your guess of my blood alcohol count, or was it based on your perception and suspicion that I was on other substances?
>
> A. It was a result of the field sobriety tests, your admissions and my suspicion that you had drugs in your system.
>
> Q. What admissions?

(Footnote Continued Next Page)

The trial court was free to consider that testimony along with the other evidence in the case and to conclude that Appellant was impaired and that his consumption of alcohol caused the impairment.

We may not substitute our judgment for that of the trial court. Rather, it was the exclusive province of the trial court, sitting as the finder of fact, to determine the weight of the relevant evidence. See Commonwealth v. Mitchell, 883 A.2d 1096, 1110–1111 (Pa. Super. 2005), appeal denied, 897 A.2d 454 (Pa. 2006); see also Commonwealth v. Cruz, 71 A.3d 998, 1009 (Pa. Super. 2013), appeal denied, 81 A.3d 75 (Pa. 2013). Here, the trial court concluded that "th[e] evidence was more than sufficient to sustain Appellant's conviction of driving under the influence." Trial Court Opinion, 2/21/17, at 7. We may not disturb that judgment. See Feathers, 660 A.2d at 96 (forbidding "impermissible re-evaluation of the credibility of the witnesses and the weight of the evidence").

(Footnote Continued) ———————————
A. Your admissions of drinking.

Q. So I blew a 0.0 and told you I had two drinks, and you with your infinite knowledge concluded I was not capable of operating the vehicle because of alcohol?

A. People lie to me all the time, and they usually say they have one or two drinks.

N.T., 9/29/16, at 37.

In sum, upon review of the record and consistent with the prevailing authorities, we conclude that Appellant's sufficiency argument is without merit. Accordingly, we affirm the judgment of sentence.

Unopposed application for relief to take judicial notice granted. Judgment of sentence affirmed.

Judge Moulton joins the memorandum.

Judge Musmanno files a dissenting statement.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2017