J-S84023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
             v.                       :
                                   :
                                   :
PETER D. MONSUER                :
                                   :
          Appellant           :   No. 864 MDA 2017

Appeal from the Judgment of Sentence May 10, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002765-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED MARCH 08, 2018**

Peter D. Monsuer appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following his conviction of DUI–General Impairment[1] and DUI–highest rate of alcohol.[2]  After careful review, we affirm.

On May 5, 2016, Monsuer agreed to be the designated driver for his daughter and her friends.  He met his daughter for dinner at a restaurant between 9:00-9:30 p.m. and, shortly thereafter, he had a drink at the restaurant's bar.  Monsuer then took his daughter and her friends to a nearby establishment before returning to the same restaurant to meet a friend for

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3802(b).

drinks. At approximately 11:00 p.m., Monsuer ordered yet another drink, after which he began feeling light-headed and "woozy." Monsuer has no recollection of any events occurring after approximately 12:00 p.m. that evening. Monsuer maintains that he only had a total of six alcoholic drinks.[3]

On May 6, 2016, at approximately 2:00 a.m., Wilkes-Barre Police Department Officer Joseph Homza observed Monsuer's vehicle traveling very slowly around Wilkes-Barre public square near South Main Street. Officer Homza did not observe swerving or erratic driving, but rather unusually slow and halting driving; he estimated the vehicle was traveling at 1-5 miles per hour. Officer Homza believed that the vehicle's movement was unusual because there was minimal traffic on the road and the vehicle stopped at a green light for an extended period before pulling into a metered parking spot.

Officer Homza, based on his observations, thought the vehicle might need assistance and initiated a traffic stop. Officer Homza, upon approaching the driver's side window, observed that Monsuer was flushed and mumbling unintelligibly. Monsuer complied with Officer Homza's command to put the vehicle in park, but when Officer Homza directed Monsuer to exit the vehicle, he was unable to control his bodily movement and Officer Homza had to "grab him by the arms and hold him up." N.T. Trial, 2/15/17, at 8. Officer Homza did not conduct a field sobriety test at the scene, but placed Monsuer under

---

[3] At trial, Monsuer testified on his own behalf, contending that drugs were present in an alcoholic beverage he consumed the evening of May 5, 2016. *See* N.T. Trial, 2/15/17, at 38.

- 2 -

arrest for driving under the influence and transported him to police headquarters.

Police Officer Brian Finney is employed as a breath test operator for the Luzerne County Central Processing Center. Following Monsuer's arrest, Officer Finney processed Monsuer for a breathalyzer test on the morning of May 6, 2016. Monsuer arrived at police headquarters around 2:30 a.m. and had a strong odor of alcohol on his breath. Officer Finney observed Monsuer stagger when he walked, and at one point, Monsuer punched the cabinet that the breathalyzer was sitting on. Monsuer took two breath tests, the first registered a blood alcohol content ("BAC") reading of .203 at 2:52 a.m., and the second registered a BAC reading of .195 at 2:54 a.m.[4]

On February 15, 2017, following a bench trial, the trial court found Monsuer guilty of all charges. On May 10, 2017, the trial court sentenced Monsuer to six months' intermediate punishment, seven days' house arrest, 15 hours of community service, and a fine of $1,000.00 plus costs of prosecution. On May 18, 2017, Monsuer timely appealed. Both Monsuer and the trial court have complied with Pa.R.A.P. 1925. On appeal, Monsuer raises the following issue: "Whether the evidence was sufficient to sustain [Monsuer's] DUI conviction when, at the time of the stop, [Monsuer] submits he was safely driving?" Brief of Appellant, at 1.

---

[4] Officer Finney testified that if there is a difference between the first and second breath sample, the lower sample is the recorded BAC alcohol concentration. N.T. Trial, 2/15/17, at 22.

Our standard of review for a sufficiency claim is well settled:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Mobley***, 14 A.3d 887, 889-90 (Pa. Super. 2011), quoting

***Commonwealth v. Molett***, 5 A.3d 291, 313 (Pa. Super. 2010).

Monsuer concedes that he was in physical control of the vehicle and does not challenge the finding that he drove his vehicle after consuming alcoholic beverages; rather, he maintains that the Commonwealth failed to prove beyond a reasonable doubt that he was not safely able to operate a motor vehicle at the time of the traffic stop. Monsuer argues that he was compliant with Officer Homza's directives, that his driving did not indicate that he was under the influence, and that Officer Homza did not conduct a field sobriety test, but rather stopped Monsuer "to check the welfare of the driver or to see if he needed assistance[.]" N.T., 2/15/17, at 6.

75 Pa.C.S.A. § 3802 provides, in relevant part, as follows:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

(2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

.   .   .

**(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a) and (c).

In order to be found guilty of DUI-general impairment, "the Commonwealth [must] prove the following elements:  the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol."  *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).  "Evidence that the driver was not in control of himself . . . may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, ***notwithstanding the absence***

*of evidence of erratic or unsafe driving*." ***Commonwealth v. Palmer***, 751 A.2d 223, 228 (Pa. Super. 2000) (emphasis added) (citations omitted). Moreover, a police officer who has perceived a defendant's appearance and actions is competent to express an opinion, in a prosecution for DUI, as to the defendant's state of intoxication and ability to drive a vehicle safely. ***Id.***, citing ***Commonwealth v. Feathers***, 660 A.2d 90, 95 (Pa. Super. 1995).

To be convicted of DUI-highest rate of alcohol, an individual's blood alcohol content must be "0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(c).

Officer Homza testified that he has served as a police officer for three years and has conducted "dozens" of stops involving drivers suspected of DUI. N.T., 2/15/17, at 3. Officer Homza initiated a traffic stop because he believed Monsuer or his vehicle was in need of assistance. As soon as Officer Homza approached the vehicle, it was immediately apparent that Monsuer was impaired. Monsuer's face was flushed, he was mumbling unintelligibly, and Monsuer struggled to gather his identification and registration. At that point, Officer Homza believed that Monsuer was under the influence, and requested he exit the vehicle. When Monsuer stepped out of the vehicle, he immediately stumbled, requiring Officer Homza to stabilize him. At trial, Monsuer admitted to consuming alcohol earlier that evening. Later, Officer Finney, a 25-year police force veteran and certified breath test operator in Luzerne County, submitted Monsuer to a breathalyzer test, yielding a result of 0.195 BAC.

Officer Homza did not observe Monsuer driving erratically or unsafely; however, he did observe Monsuer operating a motor vehicle and, in Officer Homza's opinion, he was intoxicated while doing so. ***Palmer***, ***supra***; ***Feather***, ***supra***. Furthermore, Officer Finney found Monsuer's BAC to be 0.195, well over the statutory minimum for DUI-highest rate of alcohol. 75 Pa.C.S.A. § 3802(c). In light of the foregoing, we affirm the convictions for DUI-general impairment and DUI-highest rate of alcohol. ***Mobley***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2018