J-S02014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT T. JEFFERS | : | |
| | : | |
| Appellant | : | No. 2754 EDA 2017 |

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004912-2016

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 18, 2018**

Robert T. Jeffers appeals from the July 20, 2017 judgment of sentence of six months probation and a $300 fine, imposed following his conviction of driving under the influence ("DUI") – general impairment.  Counsel has moved to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[1]  After thorough review, we grant counsel's motion to withdraw and affirm.

The facts giving rise to Appellant's conviction were developed at a non-jury trial on July 18, 2017.  On July 17, 2016, Aldan Borough police officers Joseph Spina and Adam Zahner responded to a domestic disturbance at the

---

[1]  Withdrawal of counsel on direct appeal is governed by ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

* Retired Senior Judge Assigned to the Superior Court.

home of Appellant's girlfriend, Dartiesha Word. Ms. Word wanted Appellant to leave her home. Appellant admitted to the officers that he had been drinking. He wanted a few minutes to gather some of his belongings. The officers, after observing Appellant, determined that he was intoxicated and incapable of driving safely. They directed Appellant to leave, but would not allow him to drive his vehicle. Appellant made several phone calls in an attempt to procure a ride. When he was unable to do so, Ms. Word offered him bus fare, which he rejected. However, he accepted bus fare from one of the officers.

Ms. Word told the officers that she did not want Appellant's car to remain in her driveway. With Appellant's consent, Officer Zahner moved the car to a legal parking place on the street. The officers watched as Appellant walked toward the bus stop, and then left the scene. Officer Spina continued to patrol the neighborhood. As he swung by Ms. Word's residence just a few moments later, he saw Appellant enter his vehicle and proceed to drive. He activated the lights of his unmarked police vehicle and conducted a stop. He took Appellant into custody without performing a field sobriety test as Appellant was irate and the officer "did not feel it was safe to give him a field sobriety test." N.T., 7/18/17, at 20. Appellant was taken to Mercy Fitzgerald Hospital, and Officer Spina read him the DL-26 chemical

warnings form.[2]  Officer Spina signed the form indicating that Appellant refused to consent to a blood draw.

At trial, it was established that Officer Spina had seen persons under the influence of alcohol, had made traffic stops for suspected DUIs, and that as a police officer he had completed standardized field sobriety testing training.  *Id*. at 8-10.  20.  He described Appellant as exhibiting slurred speech and glassy, bloodshot eyes.  Appellant was stumbling and swaying and unable to walk in a straight line, and an odor of alcoholic beverage emanated from him.  Officer Spina opined that Appellant was intoxicated to the point where he could not safely operate a motor vehicle on the highways of the Commonwealth.  *Id*. at 20.  Officer Zahner concurred in that assessment.  Although Ms. Word and Appellant testified to the contrary, the trial court, sitting as fact-finder, expressly credited the officers' testimony and found Appellant guilty.

Appellant did not file a post-sentence motion.  He filed a timely appeal and, in lieu of filing a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Counsel filed notice pursuant to Pa.R.A.P. 1925(c)(4), of his intent to file an **Anders** brief.  In his **Anders** brief, Counsel identifies one issue of arguable merit for our review: "Did the

---

[2]  The form used was the version from May 2016, which was prior to the United States Supreme Court's decision in **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016).  There was, however, no preserved **Birchfield** issue herein, nor was its holding implicated.

Commonwealth fail to prove beyond a reasonable doubt that [Appellant] committed the offense because of the absence of any test measuring his blood alcohol content and the lack of credibility of the witnesses called by the Commonwealth?" Appellant's brief at 5.

It is well established that, "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa.Super. 2012). There are both procedural mandates for withdrawal and substantive requirements regarding the contents of a brief that are imposed under *Anders*/*Santiago*. In order to properly withdraw during direct appeal,

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

*Santiago*, *supra* at 351. The *Anders* brief must meet specified requirements:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case

law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*. at 361. Once counsel has satisfied these mandates, this Court conducts its own examination of the record to determine whether the appeal is wholly frivolous. Only if we so find will we grant counsel's request to withdraw. If however, we find any of the legal points to be arguably meritorious, we must afford the indigent defendant the assistance of counsel for purposes of appeal. *Anders*, *supra* at 744.

Counsel's brief complies with the mandates of *Anders*/*Santiago*. It contains a summary of the procedural history and facts, with citations to the record. Counsel also identifies one issue that potentially supports the appeal, but states reasons and offers applicable case law as to why the issue, and the appeal, are frivolous. Counsel points to the lack of any evidence from a field sobriety test, a breath test, or a blood test to support the conviction. He also directs our attention to inconsistent testimony from the two arresting officers, and their lack of experience in DUI arrests, as the basis for his contention that the evidence was insufficient and/or that the verdict was against the weight of the evidence. Counsel acknowledges, however, that blood alcohol content need not be quantitatively measured in order to sustain a DUI conviction and that testimony from credible witnesses may be enough. In any event, counsel concludes that the only possible challenge herein is to the trial court's determination of the credibility of Officers Spina and Zahner, which he deems frivolous.

Whether we view counsel's arguable issue as a challenge to the sufficiency or the weight of the evidence, we agree it is frivolous. Since no post-sentence motion was filed, any weight of the evidence challenge is waived. ***See Commonwealth v. Ratushny***, 17 A.3d 1269, 1272 (Pa.Super. 2011); ***see also*** Pa.R.Crim.P. 607 comment (challenges to the weight of the evidence "shall be raised" either orally on the record prior to sentencing, by written motion prior to sentencing, or in a post-sentence motion or be waived on appeal). In reviewing a challenge to the sufficiency of the evidence, our standard of review is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa.Super. 2017) (*en banc*).

Appellant was charged with violating Section 3802(a)(1) of the Motor Vehicle Code, which provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). We held in **Gause**, **supra** at 541, that in order to prove a violation of this section, "the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him incapable of safe driving." The second element requires proof of substantial impairment, "a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions." **Id**.

The issue is whether the officers' testimony alone, if credited by the fact-finder, was sufficient to satisfy the Commonwealth's burden of proving substantial impairment. As this Court noted in **Commonwealth v. Palmer**, 751 A.2d 223, 228 (Pa.Super. 2000) (quoting **Commonwealth v. Feathers**, 660 A.2d 90, 95 (Pa.Super. 1995) (*en banc*)), "a police officer who has perceived a defendant's appearance and acts is competent to express an opinion as to the defendant's state of intoxication and ability to safely drive a vehicle." **See also Gause**, **supra** (police officer permitted to

testify that the defendant did not exhibit the typical indicators of alcohol impairment such as slurred speech, erratic driving, or inability to stand.)

The trial court sat as the trier of fact and credited the testimony of the police officers over the contrary testimony of Appellant and his girlfriend. The officers had an opportunity to observe Appellant for a considerable time in the home. They waited there while Appellant made phone calls and gathered his belongings. The trial court found the uncontradicted evidence that Officer Zahner moved Appellant's vehicle onto the street to be the most compelling evidence that Appellant was too inebriated to drive safely. Viewing the evidence in the light most favorable to the Commonwealth, as we must, we find the evidence legally sufficient to support the conviction.

We have conducted a thorough review of the certified record, and we concur with counsel's assessment that there are no preserved non-frivolous issues for appeal. Accordingly, we grant counsel's application to withdraw and affirm judgment of sentence.

Application to withdraw filed by J. Anthony Foltz, Esquire, is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/18